HARRINGTON & RICHARDSON ARMS COMPANY *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & others.

Worcester. September 28, 1948. — January 6, 1949.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Employment Security. District Court,* Review respecting employment security.

Under § 42 of G. L. (Ter. Ed.) c. 151A, as appearing in St. 1943, c. 534, § 6, and as amended by St. 1947, c. 434, service upon the director of the division of employment security of an order of notice issued by a District Court upon the seasonable filing of a petition by an employing unit for a review of a decision by the board of review is sufficient if made at least fourteen days before the return day of the order; it need not be made within the period of twenty days after the mailing of the decision of the board of review prescribed for filing the petition.

PETITION, filed in the Central District Court of Worcester on December 27, 1947, for a review of a decision of the board of review in the division of employment security.

The case was heard by *Allen,* J.

*F. X. Reilly, Jr.,* for the petitioner.

*A. E. LoPresti,* Assistant Attorney General, (*L. H. Arber* with him,) for the respondent Director of the Division of Employment Security.

RONAN, J. In these proceedings brought under G. L. (Ter. Ed.) c. 151A, as appearing in St. 1941, c. 685, § 1, the board of review, in a decision mailed to the petitioner, the employing unit, on December 8, 1947, found that the claimants, former employees of the petitioner, were entitled to unemployment benefits. The petitioner on December 27, 1947, filed a petition for judicial review in the Central Dis-

trict Court of Worcester under G. L. (Ter. Ed.) c. 151A, § 42, as appearing in St. 1943, c. 534, § 6, and as amended by St. 1947, c. 434, and on the same day the District Court issued an order of notice returnable January 27, 1948. On January 2, 1948, the petitioner sent copies of the petition and order of notice to the respondent director of the division of employment security by registered mail, and these were received by him on January 6, 1948. A motion to dismiss for lack of jurisdiction was filed by the director, which was heard and allowed on the ground that the petition was not served within twenty days after the date of the mailing of the decision of the board of review. The petitioner filed a claim of appeal from the decision dismissing the petition, and the case was reported to this court in accordance with the rules of the District Courts made pursuant to § 42.

The question presented is whether § 42 requires the petition for review to be filed and served within the period of twenty days.

The pertinent provisions of § 42 read as follows: "The director or any interested person aggrieved by any decision in any proceeding before the board of review may obtain judicial review of such decision by filing, within twenty days of the date of mailing of such decision, a petition for review thereof in the district court within the judicial district whereof he lives, or is or was last employed, or has his usual place of business, and in such proceeding every other party to the proceeding before the board shall be made a party respondent. . . . Upon the filing of a petition for review by an aggrieved party other than the director a notice and copy of the petition shall be served upon the director by registered mail fourteen days at least before the return day, and at the same time there shall be delivered to the director as many copies of the notice and petition as there are parties respondent."

The petition was filed in the District Court with the clerk of the court within the time prescribed by the statute and, the petition having been entered, an order of notice issued on the same day. No contention can be successfully made that the petitioner did not comply with the statute with

reference to the filing of the petition. *Clemens Electrical Manuf. Co.* v. *Walton,* 168 Mass. 304. *Thorndike, petitioner,* 252 Mass. 154, 157. *Hobart-Farrell Plumbing & Heating Co.* v. *Klayman,* 302 Mass. 508, 509.

We do not agree with the contention that service must be made within the twenty day period in which the petition is to be filed. One part of § 42 fixes a time within which a petition for judicial review must be filed, and another designates the method of service and the period prior to the return day in which service must be made. Neither part of the section is to be treated as immaterial or superfluous, and both are to be given their appropriate weight so as to make an effectual piece of legislation consistent with common sense and good judgment. *Commissioners of Public Works* v. *Cities Service Oil Co.* 308 Mass. 349, 360. *Haines* v. *Town Manager of Mansfield,* 320 Mass. 140, 142. *Commissioner of Corporations & Taxation* v. *Springfield,* 321 Mass. 31, 36. We cannot disregard the provision requiring service of the order of notice at least fourteen days prior to the return day or construe that provision as in any way affecting or reducing the period within which a petition may be filed. The period for filing is not to be considered alone and apart from the time for service, and the distinction between them, being plainly indicated by the statute, must be observed. The interpretation now contended for would require an overlapping of the period for service upon the period for filing, would render one part of the statute inconsistent with another part, and would in the main do violence to the statute. We cannot adopt such an interpretation. *Commissioner of Corporations & Taxation* v. *Chilton Club,* 318 Mass. 285, 288. *Bolster* v. *Commissioner of Corporations & Taxation,* 319 Mass. 81, 84, 85.

The instant case is distinguishable from *International Paper Co.* v. *Commonwealth,* 232 Mass. 7, and *Mayor of Revere* v. *Special Judge of the District Court of Chelsea,* 262 Mass. 393, upon which the director relies, not only in the obvious differences between the statutes there involved and § 42, but also in the fact that in the cases cited there was no attempt to serve the orders of notice until several months

after the petitions had been filed, thereby bringing those cases within the general rule that a statute of limitation is not interrupted unless an endeavor is made in good faith to serve process without delay. *Parker* v. *Rich*, 297 Mass. 111, 113. *Linn & Lane Timber Co.* v. *United States*, 236 U. S. 574, 578.

The decision of the District Court is reversed, and a decision is to be entered denying the motion to dismiss. The case is remanded to the District Court for further proceedings.

*So ordered.*