ROSALIE SCOLA & another *vs.* DIRECTOR OF THE DIVISION
OF EMPLOYMENT SECURITY
(and four companion cases[1]).

Essex.   March 9, 1950. — June 29, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Employment Security,* Procedure: appeal to Supreme Judicial Court.
*Words,* "Decision."

A "decision" of a District Court judge from which an appeal may be
taken to this court under § 42 of the employment security law, as
appearing in St. 1943, c. 534, § 6, and as amended by St. 1947, c. 434,
is the judge's final disposition of the case and not an interlocutory
ruling not decisive of the case.

A denial by a District Court judge of a motion to dismiss a petition for
review under § 42 of the employment security law, as appearing in
St. 1943, c. 534, § 6, and as amended by St. 1947, c. 434, is interlocu-
tory and not decisive of the case, and an appeal does not lie from such
denial to this court under said § 42.

FIVE PETITIONS, filed in the District Court of Eastern
Essex on June 1, 1948, for review of decisions of the board
of review in the division of employment security.

The cases were heard by *Morley,* J.

*E. J. Nantoski,* Assistant Attorney General, & *J. A.
Brennan,* for the respondent.

*S. Sandler,* for the petitioners.

WILKINS, J.   The petitioners, owners of fishing vessels,
allege that they are not subject to the employment security
law (G. L. [Ter. Ed.] c. 151A, inserted by St. 1941, c. 685,
§ 1, as amended) as employers of the fishermen on their
boats "on the ground that there is no employer-employee
relationship." Each petition seeks a review by a District
Court of a decision of the board of review, which affirmed

---

[1] The companion cases are by Carlo Parisi and another, Antonio Ritondo
and another, Simplicio Bichao and another, and Sebastiana Chianciola and
another, against the same respondent.

the respondent's determination under § 12 that the petitioners are employers subject to that law. In the District Court the respondent's motions that the petitions be dismissed for lack of jurisdiction were denied. The respondent appealed to this court. There is a report by the District Court judge of certain questions of law as to compliance with § 42, as amended, in giving notice of the filing of the petitions for review in the District Court. The substantial procedural right is the appeal, not the report. See *Lasell* v. *Director of the Division of Employment Security*, 325 Mass. 23, 26–27.

The appeals cannot be considered at this time, as the cases in their present posture do not fall within the procedure prescribed in another part of the same section, which reads: "An appeal may be taken from the decision of the single justice of the district court directly to the supreme judicial court." G. L. (Ter. Ed.) c. 151A, § 42, as appearing in St. 1943, c. 534, § 6, and as amended by St. 1947, c. 434. This, we think, must refer only to a final disposition of a case by the District Court judge, and does not comprehend interlocutory rulings which are not decisive of a case. Any other interpretation would lead to an anomalous procedure. It is the general policy of the judicial process not to permit the hearing of appeals piecemeal. *Vincent* v. *Plecker*, 319 Mass. 560, 562–563. *Broderick's Case*, 320 Mass. 149, 151. And under the workmen's compensation act a case cannot be brought here unless there is a decree decisive of the whole case. *Pierce's Case*, 325 Mass. 649, 651–652.

The word "decision," although its use in § 42, as amended, has not been the subject of judicial interpretation, has been used in the statutes respecting the Land Court since its establishment. In that connection the word has often been employed by judges of that court and of this court to describe "the final determination reached by a judge." *Sheehan Construction Co.* v. *Dudley*, 299 Mass. 48, 50. We think that this is the sense in which it is used in § 42, as amended.

The denial, as distinguished from the granting, of a motion to dismiss is palpably interlocutory. See *Gill* v. *Richmond*

*Co-operative Association, Inc.* 309 Mass. 73, 83. Compare *Summers* v. *Boston Safe Deposit & Trust Co.* 301 Mass. 167, 169; *Harrington & Richardson Arms Co.* v. *Director of the Division of Employment Security,* 323 Mass. 603. It is no more decisive of the case than is the denial of a motion for judgment in an action at law. See *Wishnewsky* v. *Saugus,* 325 Mass. 191, 192.

*Appeals dismissed.*