ELIJAH KRAVITZ *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.

Suffolk.    October 6, 1950. — November 6, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Employment Security*, Procedure: review by District Court.    *District
Court*, Review respecting employment security.

Compliance with the mandatory provision of G. L. (Ter. Ed.) c. 151A,
§ 42, as appearing in St. 1943, c. 534, § 6, and as amended by St. 1947,
c. 434, that, in a proceeding in a District Court by one other than the
director of the division of employment security for review of a decision
of the board of review, "there shall be delivered to the director,"
"at the same time" as service is made upon him, "as many copies of
the notice and petition as there are parties respondent," is a condition
precedent to the jurisdiction of the court to entertain the proceeding.
It was proper to dismiss a petition in a Municipal Court by one, other
than the director of the division of employment security, for review of
a decision of the board of review under G. L. (Ter. Ed.) c. 151A,
§ 42, as appearing in St. 1943, c. 534, § 6, and as amended by St. 1947,
c. 434, where it appeared that there were two respondents, the di-
rector and the employer, but that the petitioner, at the time of service
on the director, delivered to him only one copy of the notice and
petition and thereby failed to comply with the requirement of the
statute for delivery to him of "as many copies of the notice and
petition as there are parties respondent."

PETITION, filed in the Municipal Court of the City of
Boston on January 9, 1950, for review of a decision by the
board of review in the division of employment security.

The case was heard by *Shamon*, J.

*A. Kravitz*, for the petitioner.

*F. E. Kelly*, Attorney General, & *A. M. Cicchetti*, Assist-
ant Attorney General, for the director of the division of
employment security, submitted a brief.

SPALDING, J.   The petitioner sought unemployment bene-
fits under the provisions of G. L. (Ter. Ed.) c. 151A, as
appearing in St. 1941, c. 685, § 1, as amended.   The director

of employment security, hereinafter called the director, determined that the petitioner was not entitled to any benefits and his decision was affirmed by the board of review. G. L. (Ter. Ed.) c. 151A, §§ 39, 40, and 41, as amended. The petitioner seasonably filed a petition in the Municipal Court of the City of Boston seeking judicial review of the board's decision. The director moved that the petition be dismissed because of noncompliance with certain of the provisions of G. L. (Ter. Ed.) c. 151A, § 42, as appearing in St. 1943, c. 534, § 6, as amended by St. 1947, c. 434, and the motion was allowed. The petitioner appealed, and the case comes here on a report in accordance with the rules of the District Courts made pursuant to § 42.

The following facts appear in the report: Two respondents were named in the petition, the director, and Kravitz Brothers, Inc., the employer. See G. L. (Ter. Ed.) c. 151A, §§ 38, 39, 40, 42. "A notice was duly issued by the court for service upon the director, and said notice, together with one copy of the petition were served upon the director, as provided in the notice. The petitioner failed, however, to deliver to the director 'as many copies of the notice and petition as there are parties respondent,' as required by § 42 of c. 151A, as amended."

The director's motion to dismiss the petition was grounded on lack of jurisdiction by reason of the petitioner's failure to comply with the provision of § 42 just mentioned. The judge in effect ruled that this provision was mandatory and that the failure to comply with it was fatal as matter of law to the perfecting of the review. If the motion to dismiss was addressed to the court's discretion, then, as the petitioner has argued, the dismissal of the petition as matter of law would be erroneous. *Long* v. *George*, 296 Mass. 574, 578. *Peterson* v. *Cadogan*, 313 Mass. 133.

We are of opinion that the petition was rightly dismissed. The pertinent provisions of the statute governing judicial review of decisions of the board of review read: "The director or any interested person aggrieved by any decision in any proceeding before the board of review may obtain

judicial review of such decision by filing, within twenty days of the date of mailing of such decision, a petition for review thereof in the district court within the judicial district whereof he lives, or is or was last employed, or has his usual place of business, *and in such proceeding every other party to the proceeding before the board shall be made a party respondent.* . . . The director shall be deemed to be a party to any such proceeding. . . . Upon the filing of a petition for review by an aggrieved party other than the director a notice and copy of the petition shall be served upon the director by registered mail fourteen days at least before the return day, *and at the same time there shall be delivered to the director as many copies of the notice and petition as there are parties respondent.* . . . Upon the filing of a petition for review by the director or upon the service of a petition on him, *the director shall forthwith send by registered mail to each other party to the proceeding a copy of such notice and petition,* and such mailing shall be deemed to be completed service upon all such parties " (emphasis supplied).

Since, in the case at bar, there were two respondents, the director and the employer, it was the petitioner's duty under § 42 to deliver to the director two copies of the notice and petition. Instead of that the petitioner delivered to him only one copy of the notice and petition. The petitioner concedes that this did not satisfy the requirements of § 42 but argues that the omission was not fatal to the right of review. We cannot agree.

The right of judicial review of decisions of the board is defined and regulated by § 42. Apart from this statute there is no right to such a review. Touching the matter here involved the statute is free from ambiguity. Compliance with its terms was a condition precedent to the right of review. The requirement that upon the filing of the petition and service on the director there shall at the same time be delivered to the director "as many copies of the notice and petition as there are parties respondent" is not a provision that can be treated as merely directory. The language of the statute is mandatory and admits of no ex-

ceptions. It is an essential part of the statutory scheme set up for the judicial review of decisions of the board. The only method of bringing parties other than the director before the court is through the director, for the statute provides that upon the service of a petition upon him he "shall forthwith send by registered mail to each other party to the proceeding a copy of such notice and petition, and such mailing shall be deemed to be completed service upon all such parties" (§ 42).

It is plain that, although the duty of serving the petition and notice on such parties is on the director, it is incumbent on the party seeking a review to supply him with the requisite number of copies of those papers, that is, a copy of the notice and petition for each respondent. It is the obvious intent of the statute to relieve the director of the duty of preparing these copies where a review is sought by a party other than the director. Consequently until he has been supplied with them he is under no duty to act. If this requirement is not a prerequisite to the perfecting of a judicial review then such proceedings could be kept alive long after the period (twenty days) prescribed in the statute for filing the petition for review. The petitioner need only file his petition within the twenty days and supply the director with the necessary documents for service when he got around to it subject, perhaps, to a judicial determination that the delay had been unreasonable. Such a construction would thwart the statutory scheme. The statute contemplated that the petition for review be filed within twenty days and that upon its filing the aggrieved party should furnish the director with the necessary copies of the papers to be served by him to the end that the director should forthwith take the necessary steps to bring the other parties to the proceeding before the court.

We are mindful of the provision contained in G. L. (Ter. Ed.) c. 151A, § 74, as appearing in St. 1949, c. 290, which states that the employment security law "shall be construed liberally in aid of its purpose, which purpose is to lighten the burden which now falls on the unemployed worker and

his family." This provision does not in our opinion authorize us to excuse compliance with statutory requirements that are clear and mandatory. *New England Trust Co.* v. *Assessors of Boston*, 308 Mass. 543, and cases cited. Nor do we find anything in G. L. (Ter. Ed.) c. 223, § 84, cited by the petitioner, which would affect the result here reached. That statute cannot be invoked to revive a proceeding already dead. See *Rosenblatt* v. *Foley*, 252 Mass. 188, 190.

*Decision of District Court affirmed.*