MARTIN COHEN & another *vs.* BOARD OF REGISTRATION IN PHARMACY & others.

Suffolk.    December 4, 1963. — February 28, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*State Administrative Procedure Act.    Jurisdiction,* Superior Court, Proceeding for judicial review.    *Equity Pleading and Practice,* Service of process.

Compliance with the provision of § 14 (2) of the State Administrative Procedure Act, G. L. c. 30A, that copies of a petition filed in the Superior Court for review of an agency decision "shall be served . . . not later than ten days after the institution of the [review] proceeding upon all parties to the agency proceeding," is not a condition precedent to the court's jurisdiction of the review proceeding under § 14 (1); and, where it appeared that certain parties before an agency had been served with a copy of a petition for review of the agency decision eleven days after seasonable filing of the petition, followed by seasonable service on the agency, and had subsequently filed a timely notice of intervention, the court had jurisdiction to consider the review proceeding on its merits.

PETITION for review filed in the Superior Court on August 3, 1962.

Massachusetts State Pharmaceutical Association and others intervened.    A final decree by *Cahill,* J., denied the petitioners' motion for leave to file a substitute petition for review and dismissed the petition.

*Harold Rosenwald* for the petitioners.

*David Lee Turner,* Assistant Attorney General, for the respondent Board of Registration in Pharmacy.

*John F. Zamparelli* for the interveners.

WHITTEMORE, J.    This appeal under G. L. c. 30A, § 15, from a final decree in the Superior Court, and a bill of ex-

ceptions, present a question of jurisdiction under G. L. c. 30A, § 14 (1) and (2). It is unnecessary to take notice of the exceptions.

The record and docket entries show that the petitioners on August 3, 1962, acting under G. L. c. 30A, § 14 (1),[1] filed a petition for review of a decision of the Board of Registration in Pharmacy (the board) that had denied the petitioners' application for registration of a drug store. The filing was within thirty days after the decision as the statute requires. The petitioners however did not give notice to the interveners, who had been parties before the board, until August 14, 1962, eleven days after the filing. General Laws c. 30A, § 14 (2),[2] requires that such notice be given within ten days.

The interveners filed a notice of intervention under G. L. c. 30A, § 14 (5),[3] on August 20, 1962. The petitioners on February 14, 1963, filed a motion for leave to file a substitute petition for review. The interveners on March 14,

---

[1] General Laws c. 30A, § 14 (1), provides in part: "Proceedings for judicial review of an agency decision shall be instituted by the filing of a petition for review in the superior court . . . within thirty days after receipt of notice of the final decision of the agency . . . . Upon application made within the thirty-day period or any extension thereof, the court may for good cause shown extend the time. A copy of the petition shall, within the same period, be served personally or by registered mail upon the agency or one of its members or upon its secretary or clerk."

[2] Section 14 (2) reads: "The petition shall be addressed to the court and shall include a concise statement of the facts upon which jurisdiction and venue are based, facts showing that petitioner is aggrieved, and the ground or grounds specified in paragraph (8) of this section upon which petitioner contends he is entitled to relief. The petition shall demand the relief to which petitioner believes he is entitled, which demand may be in the alternative. Copies of the petition shall be served, personally or by registered mail, not later than ten days after the institution of the proceeding upon all parties to the agency proceeding in which the decision sought to be reviewed was made. For the purpose of such service the agency upon request shall certify to the petitioner the names and addresses of all such parties as disclosed by its records, and service upon parties so certified shall be sufficient. All parties to the proceeding before the agency shall have the right to intervene in the proceeding for review. The court may in its discretion permit other interested persons to intervene."

[3] Section 14 (5) reads in part, "Any person served with a copy of the petition for review as provided in paragraph (2) of this section, and who desires to intervene in the review proceeding, shall, within ten days after service of the copy of the petition upon such person, serve upon petitioner and the agency, and file in the court, a notice of intervention stating his interest and the position he takes with respect to the agency decision under review."

1963, moved to dismiss the petition on the ground that the Superior Court was without jurisdiction of the proceeding because of the failure to serve them within ten days. The final decree denied the motion to file a substitute petition, allowed the interveners' motion, and dismissed the petition.

We hold that G. L. c. 30A, § 14 (2) does not state a jurisdictional requirement. Whatever the minimal requirements for jurisdiction under subsection (1) (compare *International Paper Co.* v. *Commonwealth,* 232 Mass. 7, 13; *Mayor of Revere* v. *Special Judge of the Dist. Court of Chelsea,* 262 Mass. 393, 395-397), the Superior Court has jurisdiction when that subsection has been complied with.

There is no contention that the petitioners did not meet the requirements of subsection (1). That subsection states that "[p]roceedings for . . . review . . . shall be instituted by the filing . . . ." It requires that the filing and the service on the agency be within thirty days from the receipt of notice of the agency decision or within an extension of time granted within the period.

Subsection (2) is concerned with threshold matters other than acquiring jurisdiction. It sets out what the petition shall contain. It provides for notice to those who were parties before the board and that they "shall have the right to intervene." It authorizes the court to allow others to intervene.

The absence of a requirement that parties before the agency must be initial parties to the proceeding for review is significant and distinguishes the case from *Kravitz* v. *Director of the Div. of Employment Security,* 326 Mass. 419, 421. (Construction of G. L. c. 151A, § 42, as amended through St. 1947, c. 434,[4] which then provided in relevant part that every party before the board "shall be made a party respondent.") The statute involved in *Carey* v. *Planning Bd. of Revere,* 335 Mass. 740, 745, expressly requires both the entry of the appeal and the giving of notice as the means of taking the appeal, and hence of giving the court jurisdiction.

---

[4] Subsequently amended by St. 1951, c. 763, § 18.

Subsection (2) recognizes that only by securing from the agency a certified list of the parties to the agency proceeding can a petitioner in all cases be sure of the identity of such parties and of addresses adequate for service. There is no provision in subsection (2) for an extension of time in the event that the agency does not furnish the list promptly upon request. Thus, if the list has not been received by a petitioner before the petition is entered, his power to make service as required by subsection (2) may depend upon the agency's compliance with the petitioners' request for the list. In *Weiner* v. *Director of the Div. of Employment Security,* 327 Mass. 360, 363, and *Bogdanowicz* v. *Director of the Div. of Employment Security,* 341 Mass. 331, 332, this court held that, where compliance with a step in a notice procedure is not controlled by the party, such compliance is not a jurisdictional requirement. The principle of these cases is applicable to the construction of G. L. c. 30A, § 14 (2). This is so even though a forehanded petitioner might be able to protect himself under subsection (1) by withholding entry of the petition and obtaining an extension of time for entry.

The case, of course, could not be heard prior to service on those having the right to intervene. Unreasonable delay would give ground for dismissal of the proceeding. Terms, if deemed appropriate, could be imposed upon allowance of a motion for delayed service. In this case, however, no delay or prejudice of any kind has resulted from failure to serve the interveners until the eleventh day. That service and the notice of intervention brought them fully into the case.

The final decree is reversed. The case is to be heard on the merits in the Superior Court after disposition of the motion for leave to file a substitute petition for review in accordance with the usual principles applicable to motions to amend pleadings. The exceptions are dismissed.

*So ordered.*