ELEANOR W. STAMAN & another, trustees, *vs.* BOARD OF ASSESSORS OF CHATHAM.

Suffolk.    January 3, 1966. — January 11, 1966.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Taxation,* Appellate Tax Board: appeal to Supreme Judicial Court, jurisdiction of the Supreme Judicial Court. *Supreme Judicial Court,* Jurisdiction.

The requirement of G. L. c. 58A, § 13, that within twenty days after the filing with the Appellate Tax Board of a claim of appeal to this court from a decision by the board, or within such further time as the board may allow, the appealing party "shall" file an affidavit of service upon the adverse party of a copy of the claim of appeal and a notice that he has entered the appeal, is not jurisdictional, and where it appeared upon a report of a motion to dismiss an appeal from a decision of the board that the appealing party had complied seasonably with the other requirements of § 13 but had filed the affidavit of service a week late, no basis for discretionary dismissal of the appeal was shown and the motion must be denied.

APPEAL from a decision by the Appellate Tax Board.

A motion in the Supreme Judicial Court for the county of Suffolk was reserved and reported by *Whittemore,* J.

*Donald R. Grant* for the Board of Assessors of Chatham.

*Gerald T. O'Hara (John L. Simonds & John J. Mahoney* with him) for the taxpayers.

WHITTEMORE, J.   The appellant taxpayers on September 2, 1965, filed with the Appellate Tax Board a claim of

appeal to this court under G. L. c. 58A, § 13, from a decision of the board denying an exemption under G. L. c. 59, § 5, Third, from the real estate tax assessed in the year 1962 on land in Chatham. Pursuant to an extension granted by the board the time for entry of the appeal in this court expired on November 1, 1965. The statute provides that within twenty days after the filing of the claim or such further time as the board may allow, "the appealing party [1][1] shall enter the appeal in said court . . . and [2] shall file with the clerk of said court a copy of the record before the board, [3] shall serve by registered mail upon the adverse party a copy of the claim of appeal and a notice that he has entered said appeal and [4] shall file an affidavit of such service with said clerk. . . . For want of prosecution of an appeal in accordance with the provisions of this section . . . a justice . . . may dismiss the appeal."

The appellants on October 29, 1965, complied with the first three specified steps. The board of assessors on November 3, 1965, moved to dismiss the appeal because of the omission of step 4. The affidavit of service was filed on November 8, 1965. A single justice reserved and reported the motion.

We hold that the requirement of the filing of an affidavit of service within twenty days was not jurisdictional. *Cohen* v. *Board of Registration in Pharmacy,* 347 Mass. 96. *Halko* v. *Board of Appeals of Billerica,* 349 Mass. 465, 467–468. *Opie* v. *Board of Appeals of Groton,* 349 Mass. 730, 732–734. *W. H. Lailer & Co. Inc.* v. *C. E. Jackson Co.* 75 F. Supp. 827, 828 (D. Mass.). In *New England Trust Co.* v. *Assessors of Boston,* 308 Mass. 543, relied on by the assessors, the claim of appeal omitted required assignments of error. In *Boston Five Cents Sav. Bank* v. *Assessors of Boston,* 317 Mass. 694, the claim of appeal was not seasonably filed with the Appellate Tax Board. No prejudice or other basis for discretionary dismissal is shown.

The motion is to be denied.

*So ordered.*

---

[1] Bracketed figures not in text.