SURVEY & RESEARCH SERVICE, INC. *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY.

Middlesex. April 4, 1967. — April 28, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & REARDON, JJ.

*Employment Security,* Procedure: review by District Court.

An order of notice issued by a District Court on a petition for review of a decision of the board of review in the Division of Employment Security was seasonably served on the Director of the division in conformity with the requirement of G. L. c. 151A, § 42, that it be served on him "by registered mail within seven days" after its date where it was duly mailed within the seven days but was not received by the Director until after the expiration of that period.

PETITION filed in the Third District Court of Eastern Middlesex on March 14, 1966.

An answer in abatement was heard by *Feloney*, J.

*Thomas J. Carens* for the petitioner.

*Joseph S. Ayoub*, Assistant Attorney General (*John A. Hayes* with him), for the respondent.

SPALDING, J.  This is a petition for review of a decision of the board of review in the Division of Employment Security holding that the petitioner was the employer of certain persons within the meaning of G. L. c. 151A, § 2.

The board's decision was rendered on February 23, 1966. The petition for review was filed on March 14, 1966.  An order of notice, dated March 16, 1966, was issued by the District Court.  On March 23, 1966, the petitioner mailed a copy of the order of notice to the director, which was received by him on March 24.

The director filed an answer in abatement asking that the petition be dismissed because a copy of the order was not served within seven days, as prescribed by G. L. c. 151A, § 42, as amended.  The judge sustained the answer and dismissed the petition.  The petitioner appealed.

Since the result will be the same, we lay to one side the petitioner's contention that the order of notice issued by the court was defective, and pass to the question whether it was seasonably served by the petitioner.

The relevant portions of § 42 read: "Upon the filing of a petition for review by an aggrieved party other than the director, the clerk of the district court within seven days thereafter shall issue an order of notice.  Said order of notice and a copy of the petition shall be served by the petitioner upon the director by registered mail within seven days of the date of the order."  The notice was mailed within seven days of the date of the order but it was not received within that time.  We are of opinion that the notice was seasonably served.  It is to be noted that the statute does not require that the notice be received within seven days from the date of the order; it requires that it "be served . . . by registered mail" within that time. Compare G. L. c. 40A, § 21, concerning appeals from a board of appeals, which provides, "Notice of the filing with a copy

of the bill in equity shall be given to such city or town clerk *so as to be received* within such twenty days'' (emphasis supplied).

Support for our interpretation may be found in *Blair* v. *Laflin*, 127 Mass. 518, 521. There the court was called upon to decide whether notice of the filing of a bill of exceptions was seasonable. A rule of court provided that ''exceptions shall be 'reduced to writing, and filed with the clerk, and notice thereof given to the adverse party,' '' within the prescribed time. Another rule provided that ''all notices required by, or given in pursuance of, these rules . . . may be proved by an affidavit of the party, or his attorney, . . . setting forth that the same was delivered personally to the adverse party, . . . or deposited in the post-office, directed to him, postage prepaid.'' The notice was deposited in the mail within the time prescribed but was not received within that time. It was held that ''the depositing of a notice in the post-office, within the time limited, [was] equally effectual with personal service thereof within the same time on the adverse party.'' *Gloucester Mut. Fishing Ins. Co.* v. *Hall*, 210 Mass. 332, is to the same effect. Elsewhere it has been held that where service by registered mail is expressly authorized by statute, service is effected when the notice is properly addressed, registered and mailed. *United States* v. *Continental Cas. Co.* 245 F. Supp. 871 (D. C. E. D. La.). *Ford* v. *Genereux*, 104 Colo. 17, 21–22. *Wasden* v. *Foell*, 63 Idaho, 83, 87–88. Were we to adopt the view urged by the director, the timeliness of a notice would be subject to the efficiency or vicissitudes of the postal service, a result which hardly could have been intended. The order of the District Court dismissing the petition is reversed.

*So ordered.*