AARON SCHULTE vs. DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another.[1]

Essex.    September 18, 1975. — November 10, 1975.

Present: TAURO, C.J., REARDON, BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Employment Security,* Procedure: review by District Court.

Failure of a petitioner for judicial review of a decision of the board of review of the Division of Employment Security to elect a day for the order of notice upon the Director to be returnable which day would occur "after the expiration of twenty-eight days from . . . the date of the filing of the petition" as required by G. L. c. 151A, § 42, as amended through St. 1971, c. 957, § 3, and fixing of a return day less than twenty-eight days from such date, was a nonprejudicial mistake, and dismissal of the petition by the District Court was reversed and reinstatement ordered where it appeared that such mistake was the only deviation from the statutory procedure, that the effect of the mistake was to speed, not to delay, the proceeding, and that the director had twenty-five days from service of the order of notice and copy of the petition to the return day, two days before which he entered the motion to dismiss. [76-83]

-----

[1] The employer, Shore Drug, Inc., is also a party respondent.

PETITION filed in the District Court of Southern Essex on April 23, 1974.

A motion to dismiss was heard by *Newth*, J.

*Sumner H. Smith* for the petitioner.

*Joseph S. Ayoub*, Assistant Attorney General (*Israel L. Cohen* with him) for the Director of the Division of Employment Security.

KAPLAN, J.   The petitioner Aaron Schulte was denied certain benefits by the board of review of the Division of Employment Security.   He entered a petition in a District Court for judicial review of the board's decision. There he was met by a motion on the part of the Director of the division to dismiss the petition because he had failed to follow the procedure for judicial review prescribed by G. L. c. 151A, § 42, as amended through St. 1971, c. 957, § 3 (the text is reproduced in the margin).[2]   A judge of the District Court allowed the motion,

---

[2] "The director or any interested person aggrieved by any decision in any proceeding before the board of review may obtain judicial review of such decision by filing, within twenty days of the date of mailing of such decision, a petition for review thereof in the district court within the judicial district whereof he lives, or is or was last employed, or has his usual place of business, and in such proceeding every other party to the proceeding before the board shall be made a party respondent.   The petition for review need not be verified but shall state the grounds upon which such review is sought.   The director shall be deemed to be a party to any such proceeding.   It shall not be necessary as a condition precedent to the judicial review of any decision of the board of review to enter exceptions to the rulings of such board.   Upon the filing of a petition for review by an aggrieved party other than the director, the clerk of the district court within seven days thereafter shall issue an order of notice.   Said order of notice and a copy of the petition shall be served by the petitioner upon the director by registered mail within seven days of the date of the order, fourteen days at least before the return day, and shall be returnable at the election of the petitioner at any return day which occurs after the expiration of twenty-eight days from and within sixty days after the date of the filing of the petition.   At the time of service on the director there shall be delivered to him as many copies of the order of notice and the petition as there are parties respondent.   With his answer or petition the director shall file with the court a certified copy of the decision of the board of review, including all documents and papers and a transcript of all testimony taken at the hearing

and the case is here on report, in which the facts and the question presented are set out succinctly.

The procedure for review of board decisions in the District Courts, as far as immediately relevant, is stated in § 42 thus: "[A]ny interested person aggrieved by any decision in any proceeding before the board of review may obtain judicial review of such decision by filing, within twenty days of the date of mailing of such decision, a petition for review thereof in the district court . . . [of appropriate venue], and in such proceeding every other party to the proceeding before the board shall be made a party respondent. . . . Upon the filing of a petition for review by an aggrieved party . . . the clerk of

---

before said board. Upon the filing of a petition for review by the director or upon the service of a petition on him, the director shall forthwith send by registered mail to each other party to the proceeding a copy of such notice and petition, and such mailing shall be deemed to be completed service upon all such parties. The findings and decisions of the board shall be reviewed in accordance with the standards for review provided in paragraph (8) of section fourteen of chapter thirty A. Any proceeding under this section shall be heard in a summary manner and shall be given precedence over all other civil cases. An appeal may be taken from the decision of the single justice of the district court directly to the supreme judicial court. Claim of appeal shall be filed in the office of the clerk of the district court within five days after notice of such decision. If an appeal is claimed the appellant shall within five days of the filing of the claim of appeal file a draft report in conformity to the pertinent provisions of the rules hereinafter referred to. The chief justice of the municipal court of the city of Boston and the appellate divisions of the district courts, acting jointly, shall by rule provide for the form of such reports and shall make provision for the establishment of reports where the claim of report has been disallowed by the single justice or he has failed to make a report. The appeal shall not remove the proceeding, but only the question or questions to be determined. The completion of such appeal shall be in accordance with section one hundred and thirty-five of chapter two hundred and thirty-one. Benefits shall be paid or denied in accordance with the decision of such single justice during the pendency of such appeal. Upon the final determination of such judicial proceeding the director shall enter an order in accordance with the terms of the decision or decree terminating such proceedings."

See n.5 below.

the district court within seven days thereafter shall issue an order of notice. Said order of notice and a copy of the petition shall be served by the petitioner upon the director by registered mail within seven days of the date of the order, fourteen days at least before the return day, and shall be returnable at the election of the petitioner at any return day which occurs after the expiration of twenty-eight days from and within sixty days after the date of the filing of the petition."

In the present case the board's decision was mailed to the petitioner on April 18, 1974. The petitioner mailed his petition to the clerk of the District Court on April 22 and the clerk received and docketed it on April 23. The filing satisfied the statute as being within twenty days of the mailing of the board's decision. Order of notice with a return day of May 20, a date selected by the clerk,[3] was promptly issued, and the order with copy of the petition was served on the Director on April 25. Issuance of the order was thus within seven days of petition filed, and service was within seven days of the date of the order and more than fourteen days before the return day. The return day was within sixty days of the filing of the petition. The one deviation from the statutory procedure pointed to by the Director was that the return day did not fall after the expiration of twenty-eight days from the date of the filing of the petition; the Director figured the interval as only twenty-seven days. On this basis the Director moved on May 18 to dismiss the petition as matter of law and the judge allowed the motion on May 30. So the petitioner lost his chance to challenge the correctness of the board's decision.

The petitioner (appellant here) contends, first, that he complied with the statute. If the date of mailing the petition, April 22, is taken as tantamount to the date of filing it, and is included in the count, then the return

---

[3] May 20 fell on a Monday. Mondays are set as return days in the District Courts. See G. L. c. 223, § 25.

day, May 20, is twenty-nine days after filing. But it is hard (although perhaps not impossible, cf. *Survey & Research Serv. Inc.* v. *Director of the Div. of Employment Security*, 352 Mass. 475, 477 [1967]) to assimilate mailing to filing, and there is the further difficulty that the day from which a period begins to run is ordinarily excluded from the count. See Mass. R. Civ. P. 6 (a), 365 Mass. 747 (1974); Mass. R. A. P. 14 (a), 365 Mass. 859 (1974). An alternative argument is that such mistake as may have occurred was the clerk's doing, for which the petitioner is not responsible. There are cases under statutes providing for appellate review, including a case under § 42, which have absolved the appealing parties of errors committed by clerks in carrying out duties assigned to them. See *Richardson* v. *Zoning Bd. of Appeals of Framingham*, 351 Mass. 375, 377-378 (1966); *Bogdanowicz* v. *Director of the Div. of Employment Security*, 341 Mass. 331, 332 (1960); *Home Owners' Loan Corp.* v. *Sweeney*, 309 Mass. 26, 29 (1941). The trouble here is that the statute speaks of the petitioner's electing the return day, which suggests that the task and thus the responsibility of picking a proper date are on him.

It seems best to accept and deal with the proposition that the petitioner departed from the statute in the single respect mentioned. The Director (appellee here) argues as if a failure in any particular to follow a statute concerned with appellate review deprives the reviewing court of "jurisdiction," that is, results necessarily in dismissal of the appeal. One can cite statements capable of interpretation in that sense (see, *e.g.*, *Del Grosso* v. *Board of Appeal of Revere*, 330 Mass. 29, 32 [1953]), as well as some decisions that visit seemingly inconsequential breaches of the statutes with forfeitures of appeals. See *Del Grosso* v. *Board of Appeal of Revere*, *supra* (acknowledging, 330 Mass. at 32 & n.1, the harshness of

the results of certain decisions); *Famigletti* v. *Neviackas,* 324 Mass. 70 (1949).[4]

In recent years, the problem has come up in a series of our cases and we think a coherent rationale has emerged consonant with a modern view of the functions of litigative procedure. See *Richardson* v. *Zoning Bd. of Appeals of Framingham,* 351 Mass. 375 (1966); *Greeley* v. *Zoning Bd. of Appeals of Framingham,* 350 Mass. 549 (1966); *Staman* v. *Assessors of Chatham,* 350 Mass. 100 (1966); *Opie* v. *Board of Appeals of Groton,* 349 Mass. 730 (1965); *Halko* v. *Board of Appeals of Billerica,* 349 Mass. 465 (1965); *Cohen* v. *Board of Registration in Pharmacy,* 347 Mass. 96 (1964). Sloppiness in following a prescribed procedure for appeal is not encouraged or condoned, but at the same time a distinction is taken between serious missteps and relatively innocuous ones. Some errors or omissions are seen on their face to be so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal of the appeal. A prime example is attempted institution of an appeal seeking judicial review of an administrative decision after expiration of the period limited by a statute or rule. The result in such cases is understandable and acceptable: it is comparable in some respects to the dismissal of an original claim brought to a court after the running of an applicable statute of limitations. See, on the dismissal of late appeals, such decisions as *O'Day* v. *School Comm. of W. Brookfield,* 343 Mass. 122 (1961), *Mayor of Revere* v. *District Court of Chelsea,* 262 Mass. 393 (1928), and *International Paper Co.* v. *Commonwealth,* 232 Mass. 7

---

[4] In *Famigletti* a rule of the District Courts was read as calling for the filing of a report to be followed by serving copies. An appellant who mistakenly reversed these steps (but did not exceed any time limits) was held to lose his appeal rights. This was not a § 42 case. In a later case under § 42, the correctness of *Famigletti* seems to be questioned. *Bowmar Instrument Corp.* v. *Director of the Div. of Employment Security,* 346 Mass. 53, 57-58 (1963), cited at n.6 below.

(1919). Cf. *New Bedford Gas & Edison Light Co.* v.
*Assessors of Dartmouth,* 368 Mass. 745, 747-748 (1975);
*Canron, Inc.* v. *Assessors of Everett,* 366 Mass. 634, 637
n.4 (1975). With respect to other slips in the procedure
for judicial review, the judge is to consider how far they
have interfered with the accomplishment of the purposes
implicit in the statutory scheme and to what extent the
other side can justifiably claim prejudice. After such an
assessment, the judge is to decide whether the appeal
should go forward without more, or on terms, or fail
altogether.

The *Cohen* case, *supra,* is an example of this mode of
treatment. It involved judicial review under the State
Administrative Procedure Act (G. L. c. 30A) of a decision
of the board of registration in pharmacy. The petition
for review was timely filed under § 14 (1), but the peti-
tioner gave notice to interveners on the eleventh day after
the filing, whereas § 14 (2) allowed only ten days. The
court intimated that tardy filing of the petition under
§ 14 (1) would be "jurisdictional," but, after considera-
tion of the place and function of § 14 (2) in the scheme,
the court concluded that it "does not state a jurisdictional
requirement." 347 Mass. at 98. Yet it added that
"[u]nreasonable delay [in giving notice under § 14 (2)]
would give ground for dismissal of the proceeding.
Terms, if deemed appropriate, could be imposed upon
allowance of a motion for delayed service. In this case,
however, no delay or prejudice of any kind has resulted
from failure to serve the interveners until the eleventh
day." 347 Mass. at 99.

It should be observed that the pattern of the cited cases
corresponds fairly well with our Rules of Appellate Proce-
dure effective on July 1, 1974, 365 Mass. 844. Rule 3 (a)
provides in part: "Failure of an appellant to take any
step other than the timely filing of a notice of appeal
shall not affect the validity of the appeal, but shall be
ground only for such action as the appellate court deems
appropriate, which may include dismissal of the appeal."

Rule 4 indeed goes on to authorize the lower court, "[u]pon a showing of excusable neglect," to extend the time for filing notice of appeal for a period not to exceed thirty days.[5]

Returning to the facts of the present case, the mistake attributed to the petitioner is quite different from that conventionally considered to be serious, namely, attempted late institution of an appeal. Here the procedure was timely begun and the effect of the error was to speed, not to delay, the course of the appeal. The Director might perhaps have some cause for complaint if he were unduly hurried in responding to the order of notice. But here the Director had twenty-five days from service of the papers upon him to the return day. This gave the Director time enough to prepare; it exceeded the fourteen days to which he is in all events entitled and to which he can be held if service of the papers upon him occurs (as it may, permissibly, under the statute) less than fourteen days before the expiration of twenty-eight days from the filing of the petition. We need hardly say that if the Director needed time, a telephone call to the petitioner's counsel or to the clerk or application to the court might well have solved his problem. In fact he was able to prepare sufficiently to enter his motion to dismiss two days before the return day.

---

[5] As part of the legislation to harmonize the statute law with the new rules of civil and appellate procedure, G. L. c. 151A, § 42, was amended by St. 1973, c. 1114, § 18, effective July 1, 1974, by striking out the sentence third from the end of § 42 and substituting: "The completion of such appeal" — after the report from the District Court to this court — "shall be in accordance with the Massachusetts Rules of Appellate Procedure." (Certain other changes were made, immaterial here.) For purposes of the present case it is unnecessary to decide just how far the new rules will affect appeals under § 42. Clearly the policies of these rules should be taken into account in deciding procedural questions arising under § 42. Cf. *W.H. Lailer & Co.* v. *C.E. Jackson, Co.*, 75 F. Supp. 827, 828 (D. Mass. 1948).

Our cases cited above support a reinstatement of the appeal here. There is no case specifically in point under § 42. None under that statute is opposed in principle to the result suggested,[6] unless it be *Kravitz* v. *Director of the Div. of Employment Security*, 326 Mass. 419 (1950), and its immediate progeny. A provision of § 42 required that when service was made on the Director of the order of notice and petition, copies be furnished him by the petitioner sufficient in number to enable him, in turn, to serve those papers on the other parties respondent.[7] In the *Kravitz* case an appeal was dismissed for failure of the petitioner to supply the Director with a copy for such

---

[6] Section 42 (at it stood in prior versions) was interpreted with some liberality to reach conclusions that the several petitioners had fulfilled the statutory requirements. See *Survey & Research Serv. Inc.* v. *Director of the Div. of Employment Security*, 352 Mass. 475 (1967); *Weiner* v. *Director of the Div. of Employment Security*, 327 Mass. 360 (1951); *Harrington & Richardson Arms Co.* v. *Director of the Div. of Employment Security*, 323 Mass. 603 (1949). In *Bogdanowicz* v. *Director of the Div. of Employment Security*, 341 Mass. 331 (1960), a mistake was attributed to the clerk rather than the party.

In *Slagle's Inc.* v. *Peacock*, 361 Mass. 884 (1972), there was a decision of the Municipal Court of the City of Boston upholding the board of review. The employer, desiring review in our court, secured allowance of a report by the judge of the Municipal Court after expiration of the three months permitted by Municipal Court rules for that purpose (or for the alternative purpose of petitioning to establish a report), and we affirmed the decision of the Municipal Court under the provision of the rules that in such event "the decision of the district court shall stand." In *Bowmar Instrument Corp.* v. *Director of the Div. of Employment Security*, 346 Mass. 53 (1963), we interpreted a provision of the District Court rules to permit the mailing of a draft report simultaneously to the District Court and the parties; we rejected a stricter reading which would require a filing in court followed by mailing to the parties. The opinion appears to question the *Famiglietti* decision (see n.4 above).

See *Scola* v. *Director of the Div. of Employment Security*, 326 Mass. 180 (1950); *Lasell* v. *Director of the Div. of Employment Security*, 325 Mass. 23 (1949).

[7] The applicable statutory provision then read: "Upon the filing of a petition for review by an aggrieved party other than the director a notice and copy of the petition shall be served upon the director by registered mail fourteen days at least before the return day, and at

service. This led to *Estey* v. *Director of the Div. of Employment Security,* 338 Mass. 797 (1959), where an appeal was lost because the petitioner himself served the other respondent instead of enabling the Director to do so. See *DeFino* v. *Director of the Div. of Employment Security,* 350 Mass. 581, 586 n.5 (1966) (stating the effect of the two previous cases). The *Kravitz* and *Estey* cases did support the evident policy of the statute to put the matter of service on the other respondents in the hands of an impartial official, rather than to rely on "the say-so of the individual who commenced the proceeding." *Estey* case at 798. But was imposition of the extreme penalty of dismissal of the appeals called for? Whether the other precedents and the influence of the Rules of Appellate Procedure would cause us to decide the *Kravitz* and *Estey* cases differently today, we need not say. At all events, we believe the present case falls into the category of nonprejudicial mistake.

As there was no basis for dismissal as matter of law, and no significant issue of discretion was or could be presented, we reverse the order of the judge of the District Court and order the petition for review reinstated in the District Court. See *Staman* v. *Assessors of Chatham,* 350 Mass. 100, 101 (1966); *Opie* v. *Board of Appeals of Groton,* 349 Mass. 730, 734 (1965).

*So ordered.*

---

the same time there shall be delivered to the director as many copies of the notice and petition as there are parties respondent." G. L. c. 151A, § 42, as amended through St. 1947, c. 434.