Concurring Opinion
O’Toole, J.,
concurring. I agree that the Report ought to be dismissed. I
think it is unnecessary, however, to reach the merits of the litigation to arrive at that conclusion.
The Report presents two issues: the trial judge’s denial of a requested ruling of law and the judge’s denial of a motion for a new trial under Dist./Mun. Cts. R. Civ. P., Rule 59 (a).
As to the latter, I am in accord with the Court’s opinion that there has been no indication of an abuse of discretion.
As to the former, there are two reasons why the appellant has no right to appellate review of the issue raised. First, the issue was not addressed in his brief to this Court. That is a sufficient reason for our not considering it. Dist./Mun. Cts. R. Civ. P., Rule 64 (f), first paragraph, penultimate sentence. Second, the refusal of a request for a ruling “upon all the evidence,” like the one at issue, is not reviewable without a specification of the grounds upon which the request is based. Dist./Mun. Cts. R. Civ. P., Rule 64 (b), penultimate sentence.
I do not think it is useful, or conducive to the clear exposition of contested legal issues for appellate resolution, for us to pass upon issues imperfectly or improperly presented for review. I recognize the impulse to explain that the appellant “would have lost anyway,” but I believe that such an obiter dictum is *55 doubly dangerous. It not only subtly encourages in litigants á lax observance of the procedural rules, but it also, perhaps more subtly, tempts the reviewing Court to employ an extraneous criterion in judging whether a point of appeal is properly entitled to consideration. To be sure, procedural niceties are not all-important, and innocuous mistakes ought to be overlooked. See Schulte v. Director of the Division of Employment Security, 369 Mass. 74, 79 (1975). But the rules of procedure transgressed by the appellant here can and do serve a vital function in the adversary process by focusing the attentions of litigants and judges on the precise dimensions of the controversy, thereby advancing the goal of rational adjudication.