Turcotte, P.J.
We review a decision concerning the Amherst Housing Review Board (“Board”). The Board is an administrative agency of the Town of Amherst established to regulate and modify rent levels for private, commercial rental units in Amherst, St. 1986, c. 72. When a party has a dispute concerning a rent level, the Board is authorized to conduct a hearing to settle the dispute in a “fair and equitable manner. .. .”, Id. at §5. The Board can adjust the rent level to ensure that the level is reasonable in relation to a fair and reasonable net operating income, Id.
A judicial review of the Board’s decision may be obtained in the District Court. However, an aggrieved party must reserve the right to appeal by filing “a civil action against the board in the Northampton Division .. . within thirty days of the date on which the decision was filed with the town clerk.” Id. at §6. The case presents the question whether the filing requirement is met when a complaint is sent by certified mail to the clerk of the Northampton District Court within the thirty day period but not received by the clerk until after the appeal period has expired.
In the matter currently before the court, the Board filed a decision with the Amherst Town Clerk on 6 April 1988 which was adverse to the plaintiff. The appeal could be filed until 6 May 1988. On 6 May 1986 the plaintiff mailed a complaint by certified mail to the clerk of the Northampton District Court. The complaint was not received and filed by the clerk’s office until 12 May 1988.
The defendant filed a motion to dismiss the action for failure to file a timely appeal. The defendant’s motion was granted by the trial justice. The plaintiff *98 appeals seeking reversal of that ruling. We affirm the trial court decision below.
The plaintiff maintains that a complaint that is sent by certified mail to the district court clerk within the thirty day appeal period is filed within the statutory time period. In support of this position, he notes that under the statute an aggrieved party obtains judicial review by filing a civil action with the district court, Id. at §6. The plaintiff maintains that because the request for judicial review is instituted as a “civil action”, he has satisfied the thirty day filing requirement by commencing the action in accordance with Rule 3 of the Massachusetts Rules of Civil Procedure.[1] A civil action is commenced under Mass. R. Civ. P., Rule 3 by “(1) mailing to the clerk of the proper court by certified or registered mail a complaint and entry fee prescribed by law, or (2) filing such complaint and entry fee with such clerk.” He argues that “filing” an appeal under the statute is analogous to “commencing” an action under the rules. Therefore, he may commence his appeal by mailing a complaint by certified mail or filing it directly with the clerk’s office before the expiration of the thirty-day deadline. We disagree.
St. 1986, C. 72, §6 unambiguously provides that a civil action seeking judicial review of aBoard decision must be filed within the thirty day deadline. Mass. R. Civ. P., Rule 77 (c)[2] provides that any paper received by a clerk, whether by mail or by hand, shall be deemed filed as of the day of receipt. Therefore, plaintiffs complaint was not filed until it was received by the clerk on 12 May 1988, six days after the appeal period expired. Plaintiffs suggestion that he may commence his action within the dealine by either filing or mailing a complaint ignores the fact that Mass. R. Civ. P., Rule 3 (c) recognizes filing and mailing as two separate and distinct concepts.
In Schulte v. Director of the Div. of Employment, 369 Mass. 74, 78 (1975), the Supreme Judicial Court observed that it is difficult to assimilate the act of mailing with the act of filing. The court went on to add that the “attempted institution of an appeal seeking judicial review of an administrative decision after expiration of the period limited by a statute or rule” is considered “so repugnant to the procedural scheme ... as to call for dismissal of the appeal”. Id. at 79. See also, Garnett v. Director of the Division of Employment Security, 394 Mass. 417 (1985) for a discussion of a similar statutory scheme and factual situation.
Here, the District Court’s authority to review the Board’s decision is based on a grant of subject matter j urisdiction contained in St. 1986, c. 72, § 6. The timely filing of an appeal is a jurisdictional requirement under the statute and the aggrieved party must file a complaint within thirty days to preserve the right to appeal. Because the plaintiff failed to file his complaint within thirty days of the date on which the Board’s decision was filed with the town clerk, the trial court decision below must be affirmed.

 Dist./Mun. Cts. R. Civ. P. 3 states that “Rule 3 of the Massachusetts Rules of Civil Procedure governs procedure in the District Courts.”

 Dist./Mun. Cts. R. Civ. P., Rule 77 states that “Rule 77 of the Massachusetts Rules of Civil Procedure shall govern procedure in the District Court with the following exceptions.” The stated exceptions do not apply to or affect Mass. R. Civ. P. 77(c).