ARMEN KHODAVERDIAN[1] *vs.* COMMISSIONER OF THE
DEPARTMENT OF EMPLOYMENT AND TRAINING.

No. 94-P-1297.

Middlesex. September 11, 1995. - November 9, 1995.

Present: KASS, GILLERMAN, & LENK, JJ.

*Employment Security*, Procedure, Good cause. *Words*, "Good cause."

A review examiner for the Department of Employment and Training in-
correctly found that an employer did not have "good cause" for filing a
Request for Separation and Wage Information form two days late,
where the employer, a small business with limited office staff, gave a
reasonable explanation for the brief delay, which was, in the circum-
stances, harmless. [416-417]

CIVIL ACTION commenced in the Waltham Division of the
District Court Department on April 12, 1990.

The case was heard by *Jonathan Brant*, J.

*Rosemary S. Gale*, Assistant Attorney General, for the
defendant.

*Nancy R. Golden* for the plaintiff.

GILLERMAN, J. On February 6, 1990, a review examiner
for the Department of Employment and Training (DET)
found that Armen Khodaverdian (employer) did not have
good cause for filing a Request for Separation and Wage In-
formation (Form 1062) two days late. The decision barred
the employer from participating in administrative proceed-
ings concerning a former employee's claim for unemployment
insurance compensation. The employer thereafter appealed
to the board of review which denied his application for re-
view, making the review examiner's the final decision of the
review board. See G. L. c. 151A, § 41(c).

---

[1] Doing business as Custom Reconstruction Company.

Following this final administrative judgment, the employer filed a petition with the Waltham District Court. See G. L. c. 151A, § 42. On March 11, 1994, the judge ruled in favor of the employer, finding DET's decision "arbitrary and capricious, [and] not supported by substantial evidence." He concluded that the employer's explanation for the two-day delay constituted "good cause." DET now appeals that judgment.

DET concedes in its brief that the facts of the case are not in dispute. There was only one witness who testified at the hearing before the review examiner, the employer's office administrator who was also the wife of the employer (the wife). The review examiner credited her testimony, but he did not include in his decision the full explanation of events as given by the wife. The description of all the relevant facts appears in DET's "Statement of Facts," from which the following summary is taken.

During the period in question, the wife was on partial maternity leave. The arrangement was that she worked at home (the company being too small to support a full-time replacement), and the employer went to the office every Monday evening on his way home from the job site to pick up the week's mail. On November 6, 1989, seven days after DET mailed Form 1062 (Request for Separation and Wage Information), the employer picked up, but apparently did not read, the notice from DET. At that time, the statute required the employer, to preserve its right to participate in the proceedings regarding his employee, to respond within seven days,[2] unless the failure to do so was with good cause. The statute does not define "good cause."

On November 7, 1989, the wife telephoned DET and explained what had happened, and the next day she returned the completed form, along with a letter explaining the reason for the two-day later response. The review examiner also

_____

[2]Under G. L. c. 151A, § 38(b), as amended through St. 1977, c. 720, § 34, an employer is required to respond to notice of a claim within "seven days after mailing" and is barred from participating in further proceedings relating to the allowance of the claim if his later response is without good cause. The present form of § 38(b), as amended through St. 1992, c. 286, § 218, permits a response by the employer within ten days after mailing.

found as a fact that instead of picking up the mail daily, the employer went to a construction site to supervise the work.

On these facts the review examiner concluded that "the employer did not pick up the company's mail on a daily basis, and that such explanation does not constitute good cause within the meaning of the statute."

DET has misconstrued the leeway given by "good cause." In the employment context, "good cause" includes personal reasons, see *Conlon* v. *Director of the Div. of Employment Sec.*, 382 Mass. 19, 23 (1980); that is, personal reasons that, to a reasonable person, present an acceptable excuse or explanation for the conduct in question. Here, the office administrator was pregnant, and she was on maternity leave. The small size of this business precluded hiring a replacement. A reasonable arrangement was for her husband to bring the work home to his wife, and he did so. Because his work was in the field and not in the office, he brought the mail home only once a week. There was no finding, and no suggestion in this record, that the employer had reason to believe that a notice of claim would be forthcoming.

The delay of only two days had the conclusive effect of depriving the employer of his right to appear at any proceeding regarding the claim of his former employee. There is no finding, and nothing in the record, which suggests that the brief delay distorts the statutory scheme, or works an injustice to the employee, or causes injury or prejudice to those administering the system or to the affected employee. Compare *Schulte* v. *Director of the Div. of Employment Sec.*, 369 Mass. 74, 80 (1975) (return day exceeded by one day; held, order of the judge reversed, and petition for review reinstated). The misstep was only slight and, in any event, reasonable and harmless. It should not foreclose the employer's rights.

We conclude that the review examiner misconstrued the meaning of "good cause" as applied to the facts of this case; the undisputed explanation for the brief two-day delay in re-

turning the notice constituted "good cause" as matter of law. Therefore we affirm the judgment of the District Court.

*So ordered.*