Merrigan, J.
In substance, this appeal, pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C(a), seeks to reverse the dismissal of Defendant Michael Deep’s appeal of the original judgment entered in this action. In the underlying action, Plaintiff Joseph Borden brought suit for personal injuries against Deep as owner and landlord of a building where Borden resided. After trial, judgment entered for Borden.
Although somewhat tortured, the postjudgment procedural history must be recounted in part.[1] On July 1, 1997, Deep timely filed a motion to alter or amend the original June 23,1997 judgment. Some thirteen months later, this motion was allowed in part by the trial judge on July 161998.[2] On July 22,1998, Borden filed a Motion for Reconsideration and Clarification of Judgment following the decision by the trial judge on Deep’s motion to alter or amend. While Borden’s Motion for *123 Reconsideration and Clarification was pending, Deep filed a Notice of Appeal on July 31, 1998.[3] The trial judge denied Borden’s Motion for Reconsideration and Clarification of Judgment on October 18,1998.
On February 3,1999, a different District Court judge allowed Borden’s Motion to Dismiss Deep’s appeal for failure to perfect his appeal. Borden’s dismissal was based upon Deep’s failure to cause the audiotape to be reduced to a transcript for a period of five months following the date of the notice of appeal as required by Dist./Mun. Cts. R. A. D. A., Rule 8C(c) (1). After hearing on March 10, 1999, the motion judge denied Deep’s Motion for Reconsideration of the February 3, 1999 order allowing dismissal of Deep’s appeal. It is Deep’s appeal from the denial of his Motion for Reconsideration of the February 3,1999 order that is before us.
The matter that the parties argue on appeal is the propriety of the dismissal of Deep’s appeal. In essence the issue is whether the motion judge abused his discretion in allowing Borden’s motion to dismiss. Deep must show that the dismissal of his appeal was an abuse of discretion in order to show that denial of the motion for reconsideration was an abuse of discretion. In Schulte v. Director of the Division of Employment Security, 369 Mass. 74, 79 (1975), the Supreme Judicial Court observed that “a distinction is taken between serious missteps and relatively innocuous ones.” Subsequently, the Supreme Judicial Court held in Brown v. Quinn, 406 Mass. 641, 644 (1990), that “failure to take any action for a period fully three times the prescribed time limit is [a] ... serious [misstep]” as contemplated in Schulte. Here, the judge determined that the appeal was to be dismissed for Deep’s failure “to designate the transcript pursuant to 8C (c)(1) (about 7 times longer than the rule allows).”
It is for the trial judge to decide whether, in the context of the case, the failure to take action by the litigant is “a serious misstep [] or a relatively innocuous one.” Id:[4] The transcript of the February 3, 1999 hearing which led to the dismissal of the appeal reveals ample basis for the exercise of the judge’s discretion. Beyond the judge’s consideration of the fact that the period of inactivity by Deep was seven times longer than required under the rule, the transcript of that hearing indicates that there were several additional factors that may have quite properly influenced the motion judge. For example, Deep was aware of the rule, and it was clear that it was not the result of inadvertence that Deep did not have the transcript prepared as part of the appellate record, allegedly on the advice of attorneys. In addition, Deep consciously chose not to have the transcript prepared even when faced with *124 a motion to dismiss the appeal because of such a failure. Deep also told the judge that he viewed the motion to dismiss the appeal as an effort to coerce him to pay the judgment of the trial court. Deep was perhaps tellingly disingenuous when he claimed that his legal advice was that he could await the outcome of Borden’s then pending expedited appeal before he .prepared the transcript. The judge may also have credited Borden’s contention that Deep was purposeful in his actions in an effort to avoid the judgment of the trial court. ‘The fact the defendant was appearing pro se does not excuse the failure to file the claim of appeal within the applicable time period. ‘A pro se litigant is bound by the same rules of procedure as litigants with counsel.’” Kellerman v. Kellerman, 390 Mass. 1007, 1008 (1984), in part quoting International Fidelity Insurance Co. v. Wilson, 387 Mass. 841, 847 (1983).
These rules serve important purposes and their requirements are not to be lightly disregarded. “All litigants are better served if the times in which certain actions are required has some meaning. Appellees, particularly, are entitled to the progress of appeals with reasonable dispatch and to some protection against purposeful stretching out of appellate proceedings.” Points East, Inc. v. City Council of Gloucester, 15 Mass. App. Ct. 722, 726 (1983). Deep has not made a showing, as a matter of law, of “excusable neglect” or otherwise demonstrating good cause, Schulte v. Director of Employment Security, supra at 81, entitling him to relief. Where, as here, the judge has fully weighed and considered the issues, we will not disturb his judgment.
Accordingly, the appeal is dismissed.

 On March 3,1998 Deep’s trial counsel withdrew and Deep began acting pro se.

 The judgment had erroneously doubled the damages amount. The judge revised the judgment to provide for single damages.

 Borden’s Motion for Reconsideration and Clarification of Judgment was pending when Deep filed his Notice of Appeal on July 31,1998. Rule 4(a) of the Dist./ Mun. Cts. R. A. D. A. provides that, “A notice of appeal filed before the disposition of any of the above motions [to alter, make additional findings or amend judgment, grant a new, etc.] shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.” The motion judge no doubt chose to recognize the appeal, as he implicitly did when he acted on Borden’s Motion to Dismiss the appeal, despite the premature filing. We treat the issue of the premature filing of Deep’s notice of appeal likewise. See Swampscott Education Association v. Town of Swampscott, 391 Mass. 864, 865-866 (1984), “[The Supreme Judicial Court] and the Appeals Court have recognized that a decision on the merits should not be avoided on the technicality that a premature notice of appeal was or may have been filed, when no other party has been prejudiced by that fact.”

 “After such an assessment, the judge is to decide whether the appeal should go forward without more, or on terms, or fail altogether.” Schulte v. Director of the Division of Employment Security, supra at 80.