EUNICE O'CONNOR *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another.[1]  August 7, 1981.  The petitioner was denied certain unemployment benefits under G. L. c. 151A, § 42, after proceedings before the board of review of the Division of Employment Security. She filed a petition for review in the Dorchester District Court, and a District Court judge affirmed the board's decision on April 11, 1980. On May 9, 1980, the petitioner filed her notice of appeal from the District Court judge's decision.  On May 22, 1980, the respondents filed a motion to dismiss the petitioner's notice of appeal because she had not submitted a draft report within five days of filing her notice of appeal as is required by

---

[1] Chrysler Corporation, a party respondent.

G. L. c. 151A, § 42, and Dist. Mun. Cts. R. Civ. P. 140 (1) (1975). On May 30, 1980, the petitioner filed a motion to file her draft report late, citing "inadvertence" as the reason for the additional sixteen-day delay. After a hearing, the District Court judge, on June 16, 1980, entered an order denying the petitioner's motion to file her draft report late and allowing the respondents' motion to dismiss the petitioner's notice of appeal. The petitioner appealed to this court. We affirm.

The petitioner claims that the District Court judge dismissed the notice of appeal only because he was persuaded by the respondents' argument that dismissal was mandatory. However, the respondents also argued in the District Court that even if the dismissal were subject to the judge's discretion, the facts did not warrant an exercise of such discretion in order to preserve the petitioner's appeal. While it is not clear from the order whether the dismissal was considered by the judge to be mandatory or discretionary, if the petitioner thought that the judge was dismissing her notice of appeal solely because the judge — erroneously, according to the petitioner — considered dismissal mandatory, she could and should have requested a ruling to that effect. The record discloses no such request or ruling. In the absence of either such a request or an indication from the District Court judge that he felt constrained to dismiss the notice of appeal because he thought such action to be mandatory, we conclude that the judge considered the dismissal to be a matter of discretion and further conclude that, if such dismissals are indeed discretionary, the challenged dismissal would not have amounted to an abuse of discretion. Thus, on this record, there is no need to resolve the question whether such dismissals are mandatory or discretionary. See *Schulte* v. *Director of the Div. of Employment Security*, 369 Mass. 74 (1975).

The orders of the District Court judge denying the petitioner's motion to file her draft report late and granting the respondents' motion to dismiss the notice of appeal are affirmed.

*So ordered.*

*Richard L. Neumeier (Jinanne S.J. Elder* with him) for the petitioner.
*Samuel J. Armstrong (Karen J. Bloom* with him) for Chrysler Corporation.