MAEFOCHIL SIMPSON vs. DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.[1]

Suffolk.   January 13, 1984. — March 13, 1984.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Employment Security,* Review by District Court.

Judicial review of a decision of the Director of the Division of Employment Security was not precluded by the employee's failure to serve her former
employer with a copy of her petition until eleven days after expiration of
the period allowed by G. L. c. 151A, § 42.   [404-405]
In determining whether, and to what extent, sanctions must be imposed on a party
for minor procedural errors in the course of a proceeding for judicial review
of a denial of unemployment benefits, a judge is to consider how far the
error has interfered with the accomplishment of the statutory purposes and
the extent to which the other side can justifiably claim prejudice. [405-406]

CIVIL ACTION commenced in the Boston Municipal Court Department on January 7, 1983.

The case was heard by *Donovan, J.,* on a motion to dismiss.

*Daniel Soloman* for the employee.

*William A. White, Jr.,* for Jewish Memorial Hospital.

LYNCH, J.  The petitioner, Maefochil Simpson, failed to comply with the requirements for obtaining judicial review of a denial
of unemployment benefits.  G. L. c. 151A, § 42.  Although she
filed her petition for review of the director's denial of benefits
in timely fashion on January 7, 1983, she did not mail a copy of
the petition to the employer, Jewish Memorial Hospital (hospital),
until January 25, 1983, eighteen days after her petition was filed
and therefore, according to the statute, eleven days late.[2]  The

---

[1] Jewish Memorial Hospital.

[2] In pertinent part, G. L. c. 151A, § 42, as amended by St. 1978, c. 478,
§ 79, provides: "Upon the filing of a petition for review by an aggrieved party
. . . the petitioner shall serve a copy of the petition upon each respondent . . .
within seven days of the date of the filing of the petition."

hospital's motion to dismiss Simpson's petition for failure to serve it with a copy within seven days was granted without findings by a judge in the Boston Municipal Court, and the case is here on report. We vacate the allowance of the motion to dismiss and remand the case to the Boston Municipal Court for further proceedings consistent with this opinion.

Simpson argues that the judge in the lower court erred in granting the hospital's motion to dismiss. She grounds her argument on our decision in *Schulte* v. *Director of the Div. of Employment Sec.*, 369 Mass. 74 (1975). There we held that "innocuous" slip-ups in following a prescribed procedure for appeal should be distinguished from those errors or omissions which are "on their face . . . so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal of the appeal." *Id.* at 79. We agree with Simpson that the fact that the hospital was served eleven days late is not so repugnant to or destructive of the procedural scheme as to require dismissal.

The hospital contends that *Schulte* v. *Director of the Div. of Employment Sec., supra,* is inapplicable because, instead of the Massachusetts Rules of Civil Procedure, G. L. c. 151A, § 42, has since been amended to govern service requirements. We find no merit in this argument. The decision in *Schulte* depended not on the specific rule involved, but rather on the recognition that some procedural errors are not serious enough to warrant automatic dismissal of the petitioner's appeal.

At oral argument, the hospital also distinguished *Schulte* v. *Director of the Div. of Employment Sec., supra,* in that the error there was not with service but was that the return date designated by the clerk fell twenty-seven rather than twenty-eight days after the filing of the petition in violation of § 42, as it appeared in St. 1971, c. 957, § 3. The error in this case is not significantly more serious than the error in *Schulte, supra,* so as to preclude application of the principle enunciated there to the case before us now.

The hospital made the additional contention at oral argument that timely service is a threshold jurisdictional requirement, and therefore because of Simpson's failure to serve the hospital within seven days, the Boston Municipal Court was without jurisdiction

of the proceeding. The hospital relies on *Cohen* v. *Board of Registration in Pharmacy,* 347 Mass. 96 (1964). That case is not dispositive of the issue before us. In that case the court stated that compliance with G. L. c. 30A, § 14 (1), which provided both for the filing of a petition for review from the court and service upon the agency, satisfied the threshold requirements for jurisdiction. *Id.* at 98. However, it specifically held that G. L. c. 30A, § 14 (2), the section which provided for service by the petitioners upon interested parties other than the agency, "does not state a jurisdictional requirement." *Id.* As we said in *Cape Cod Bank & Trust Co.* v. *LeTendre,* 384 Mass. 481, 484 (1981), "[m]any older decisions viewed the requirements of the appeal process, as set out in court rules or statutes, as being jurisdictional with the result that failure to adhere to every requirement called for the dismissal of the appeal regardless of how inconsequential the breach. A more recent view recognizes that a rule of such harshness is not to be countenanced in modern jurisprudence."

Alternatively, the hospital argues, if timely service on the employer is not a threshold jurisdictional requirement, so that dismissal of Simpson's petition is not required as a matter of law, the decision of the judge below should be affirmed because it was a proper exercise of his discretion. The judge in the Boston Municipal Court did not state his reasons for granting dismissal. However, the hospital's memorandum in support of its motion to dismiss does not ask the court to exercise its discretion, rather it claims that "this Court must dismiss the Petition as Petitioner failed to comply with the requirements of M.G.L. c. 151A, § 42." In the absence of any indication to the contrary, therefore, we assume that the judge felt dismissal was mandatory. Cf. *O'Connor* v. *Director of the Div. of Employment Sec.,* 384 Mass. 798 (1981).

When a minor procedural error has been made by one of the parties, "the judge is to consider how far [it has] interfered with the accomplishment of the purposes implicit in the statutory scheme and to what extent the other side can justifiably claim prejudice. After such an assessment, the judge is to decide whether the appeal should go forward without more, or on terms, or fail altogether." *Schulte* v. *Director of the Div. of Employment Sec.,* supra at 80. Accord *Cape Cod Bank & Trust Co.* v. *LeTendre,* supra at 483. The judge did not make findings as to whether the

eleven-day delay in service materially prejudiced the hospital or significantly interfered with the statutory scheme.

Therefore, the allowance of the hospital's motion to dismiss is vacated, and the case is remanded to the Boston Municipal Court for further proceedings consistent with this opinion.

*So ordered.*