ROBERT MANFRATES & another[1] *vs.* LAWRENCE PLAZA
LIMITED PARTNERSHIP.

No. 94-P-1771.

Essex. January 18, 1996. - October 3, 1996.

Present: SMITH, GILLERMAN, & IRELAND, JJ.

*Practice, Civil,* Interlocutory appeal, Amendment.

A Superior Court judge properly exercised his discretion to allow plaintiffs
in a civil action to amend the complaint to add a direct claim against a
third-party defendant against whom the plaintiff had asserted a claim
pursuant to Mass.R.Civ.P. 14, where the third-party defendant had been
brought into the case a little more than a year after the complaint was
filed, had actively pursued discovery from the plaintiffs for the next five
years, and was on notice that both the plaintiffs and the third-party
plaintiff were seeking to hold it liable for negligence. [413-415]

CIVIL ACTION commenced in the Superior Court Depart-
ment on October 30, 1986.

A motion for leave to amend was heard by *Peter F. Brady,*
J., and the case was heard by him.

*John H. Henn (Leonard Glazer & Frank E. Glazer* with
him) for the plaintiffs.

*Michael A. Fitzhugh (Tonomey A. Coleman* with him) for
the defendant.

SMITH, J. On October 30, 1986, the plaintiffs brought a
negligence action in Superior Court against Massachusetts
Electric Company (Mass. Electric) for personal injuries suf-
fered by plaintiff Robert Manfrates when he was burned by a
Mass. Electric electrical line located on the roof of a vacant
building owned by Lawrence Plaza Limited Partnership (Law-
rence Plaza).

On December 23, 1987, Mass. Electric filed a third-party
complaint against Lawrence Plaza. On June 2, 1989, Law-

---

[1]His mother, Marie Manfrates, as his next friend and individually.

rence Plaza moved for summary judgment against Mass. Electric. The plaintiffs, in addition to Mass. Electric, filed an opposition to Lawrence Plaza's motion for summary judgment. That motion was denied on September 12, 1989. On September 23, 1992, Lawrence Plaza moved for reconsideration of that denial. Both the plaintiffs and Mass. Electric opposed the motion for reconsideration. The motion was denied.

On September 30, 1992, plaintiffs filed a direct claim, pursuant to Mass.R.Civ.P. 14,[2] against Lawrence Plaza. However, the plaintiffs did not file a motion to amend their complaint to add Lawrence Plaza as a direct defendant. Lawrence Plaza did not assert any defenses to the plaintiffs' claim but, instead, filed a "Third Party Defendant's Opposition to Plaintiff's Claim." On September 7, 1993, Lawrence Plaza filed a "Motion of Third-Party Defendant to Sever Third-Party Complaint to Separate Trial." The plaintiffs (and Mass. Electric) opposed the motion; the plaintiffs argued that they had filed a direct claim against Lawrence Plaza and severance would not be proper under rule 14. This motion was denied on September 16, 1993, and trial was eventually set for April 4, 1994.

When the parties appeared for trial on that date, Lawrence Plaza, for the first time, challenged the direct claim that the plaintiffs had asserted against it in September, 1992. The trial was continued to May 16, and the judge requested that the parties submit briefs in regard to the issue of the validity of the plaintiffs' direct claim against Lawrence Plaza.  ·

---

[2]Rule 14 of the Massachusetts Rules of Civil Procedure, 365 Mass. 760 (1974), states, in pertinent part, "The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. . . ."

"Rule 14 does not delineate the exact procedure which must be followed by a [p]laintiff who seeks to raise his claims against a third-party Defendant." *Straub* v. *Desa Indus., Inc.*, 88 F.R.D. 6, 8 (M.D. Pa. 1980). "Direct assertion of a claim against the third-party defendant (rather than amending the complaint to add the third party as a 'direct defendant') is the preferred procedure." Smith & Zobel, Rules Practice § 14.17 n. 30.8 (Supp. 1996).

Here, the claim was not in the form of a complaint but, rather, was a one-page document that stated that the plaintiffs were filing a direct claim against Lawrence Plaza and that the claim was "identical to those set forth in their Complaint . . . against [Mass. Electric], defendant and third-party plaintiff."

In their memorandum of law submitted in support of their direct claim, the plaintiffs also included, in the alternative, a motion for leave to file an amended complaint. On May 13, 1994, the judge held a hearing on the matter. He was informed by the plaintiffs' counsel that the plaintiffs had recently settled their claim against Mass. Electric and that they had reserved their rights against Lawrence Plaza. The judge was also informed that Mass. Electric had settled its third-party claim against Lawrence Plaza.

After listening to counsel for both sides, the judge ruled that the plaintiffs' request for leave to amend their complaint was not a proper motion under Superior Court Rule 9A, as amended (1994), because it was contained in their memorandum of law. However, he ordered the plaintiffs to file a proper motion for leave to amend, which he stated he would allow, and an amended complaint. The judge stated that the reason he would allow the motion for leave to amend was that Lawrence Plaza would not be prejudiced. The judge then ordered that only Lawrence Plaza could conduct further discovery on the matter for up to six months or up until the trial date, whichever was later.

On July 1, 1994, Lawrence Plaza filed a petition for interlocutory relief, pursuant to G. L. c. 231, § 118, first par. After a hearing, a single justice of this court issued an order vacating the Superior Court judge's granting of the plaintiffs' motion to amend. In the order, the single justice noted, among other things, that the amended complaint "resurrects claims which by themselves are barred by the applicable statute of limitations"; no motion to amend the complaint had been filed pursuant to Superior Court Rule 9A at the time that the judge indicated that he would grant the motion[3]; the Superior Court order "contravenes the fundamental principle that unexplained undue delay alone is sufficient reason to deny a motion to amend a complaint." As a result of the single justice's order, the Superior Court issued a final judgment in favor of Lawrence Plaza. The plaintiffs filed a notice of appeal in the Superior Court from the final judgment entered there.

On appeal, the plaintiffs claim that the single justice com-

---

[3]The single justice did not point out that a motion to amend, along with a proposed amended complaint, were subsequently filed as requested by the Superior Court judge, and the amendment was allowed.

mitted error because he did not employ the correct standard in reviewing the motion judge's order. The plaintiffs further contend that we should review the motion judge's order and rule that he did not abuse his discretion in allowing their motion to amend their complaint.

1. *The review of the single justice's decision.* The plaintiffs claim that the single justice, in reviewing the Superior Court judge's order granting the plaintiffs' motion to amend their complaint, committed error because he applied a de novo standard of review rather than an abuse of discretion standard. Lawrence Plaza disagrees and argues that the use by the single justice of the de novo standard of review was proper.

We hold that the question whether the single justice employed the proper standard in reviewing the Superior Court judge's order is not properly before us. When an interlocutory order of a Superior Court judge comes before a single justice pursuant to G. L. c. 231, § 118, first par., and the single justice rules on it, his or her order is not appealable to the full court or a panel of judges of this court as a matter of right. See *Ott* v. *Preferred Truck Leasing, Inc.,* 9 Mass. App. Ct. 875, 876 (1980). Here, the single justice did not report the matter or authorize an appeal of his order to a panel of this court. Therefore, his order is not before us. We note, however, that an abuse of discretion standard of review, not de novo review, is employed when a single justice, pursuant to G. L. c. 231, § 118, first par., is reviewing an order deciding a motion to amend a complaint which does not involve a preliminary injunction.[4]

Upon examination of the single justice's order containing his decision, we note that he did not set out the standard by which he was reviewing the interlocutory order. We add that he did not have to do so. We presume, however, that he applied the correct standard of review — abuse of discretion — to the matter. See *D'Annolfo* v. *Stoneham Hous. Authy.,* 375 Mass. 650, 657-658 (1978) (court decided, despite judge's reference to the "weight of the evidence" in order granting mo-

---

[4]In contrast is a review by a single justice of orders concerning preliminary injunctions. In those cases, a single justice applies the de novo standard. See *Jet-Line Servs., Inc.* v. *Selectmen of Stoughton,* 25 Mass. App. Ct. 645, 646 (1988). But see *Planned Parenthood League of Mass., Inc.* v. *Operation Rescue,* 406 Mass. 701, 709 (1990).

tion for judgment notwithstanding the verdict, that there was "no reasonable basis for concluding that the judge granted . . . the . . . motion for a judgment notwithstanding the verdict by applying an incorrect standard"); *O'Connor* v. *Director of the Div. of Employment Security,* 384 Mass. 798, 799 (1981) (where the record is silent as to whether judge dismissed appeal in erroneous belief that he had to or did so in permissible exercise of his discretion, the latter will be assumed).

2. *Review of the Superior Court judge's order.* As a direct result of the single justice's order, a final judgment was entered in the Superior Court dismissing the plaintiffs' claim against Lawrence Plaza. Because a final judgment has been entered, we have the power to review the Superior Court judge's order allowing the plaintiffs' motion to amend their complaint. See *Sinnott* v. *Boston Retirement Bd.,* 402 Mass. 581, 582 n.1, 585 (1988) (a single justice of the Appeals Court reversed an order of a Superior Court judge, resulting in the entry of a final judgment of civil contempt; on appeal from that judgment the Supreme Judicial Court reviewed, under an abuse of discretion standard, the original order of the Superior Court judge). If the Superior Court judge's ruling did not constitute an abuse of his discretion, then there was no basis for the final judgment to issue. Therefore, the question before us is whether the Superior Court judge's allowance of the plaintiffs' motion to amend was an abuse of discretion.

"The decision whether to grant a motion to amend is within the discretion of the judge, but leave should be granted unless there are good reasons for denying the motion." *Mathis* v. *Massachusetts Elec. Co.,* 409 Mass. 256, 264 (1991). Reasons for denying such a motion are " 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.' *Castellucci* v. *[United States Fidelity & Guar. Co.,* 372 Mass. 288,] 290 [(1977)], quoting *Foman v. Daves,* 371 U.S. 178, 182 (1962)." Lawrence Plaza focuses on the undue delay factor and argues that the Superior Court judge committed error in allowing the plaintiffs' motion to amend their complaint.

"[U]nexcused delay in seeking to amend is a valid basis for denial of a motion to amend." *Mathis* v. *Massachusetts Elec.*

*Co., supra* at 264-265. Therefore, a judge has the power to deny a motion to amend for undue delay but is not required to do so.

Several years passed between the plaintiffs' initiation of their action against Mass. Electric and their filing of both a motion to amend and an amended complaint. However, the circumstances present in this matter demonstrate that there was no undue delay by the plaintiffs in pressing their claims. Lawrence Plaza was brought into the case as a third-party defendant by Mass. Electric only a little more than a year after the plaintiffs brought their original action against Mass. Electric. During the next five years, the record shows that Lawrence Plaza pursued discovery from the plaintiffs, including making requests for documents, sending interrogatories to the plaintiffs, deposing one of the plaintiffs and his trial expert, and applying for inspection and copies of hospital records. In addition to pursuing its own discovery with the plaintiffs, Lawrence Plaza actively participated in the discovery process between Mass. Electric and the plaintiffs. The record clearly demonstrates that Lawrence Plaza was on notice that the plaintiffs considered it, along with Mass. Electric, to be negligent. Any surprise to Lawrence Plaza regarding plaintiffs' intent to hold it liable was further diminished when the plaintiffs filed their rule 14 direct claim against it. Although the plaintiffs, at that time, had not filed either their motion for leave to amend the complaint or the amended complaint, Lawrence Plaza knew that (a) its negligence was at issue in the case and (b) both the plaintiffs and the third-party plaintiff were seeking relief from it for that negligence.

Because of its long, detailed involvement in the matter, which dates back as far as a year after the original complaint was filed, Lawrence Plaza was not prejudiced by the amendment. The trial was not imminent, and the plaintiffs were not attempting to introduce a new theory into the case. See *Goulet* v. *Whitin Mach. Works, Inc.*, 399 Mass. 547, 552 (1987) (motion to amend should have been allowed where plaintiffs "were not attempting to introduce or substitute a 'markedly' different theory of liability, nor was trial any longer imminent"). Further, the Superior Court judge, when allowing the amendment, gave Lawrence Plaza (but not the plaintiffs) an additional six months to conduct discovery.

In sum, we hold that the judge did not abuse his discretion

in granting the motion. We therefore vacate the final judgment, affirm the allowance of the plaintiffs' motion to amend their complaint, and remand the matter to the Superior Court for further proceedings.

*So ordered.*