*Robert J. Carnes* for the plaintiff.


Louise Montanino & others[1] *vs.* City of Boston & others.[2] August 15, 1997. *Supreme Judicial Court,* Appeal from order of single justice, Superintendence of inferior courts. *Practice, Civil,* Interlocutory appeal. *Injunction.*

The petitioners in each of these cases appeal to the full court under S.J.C.

[1]Ida LaMattina, Roberta Daley, and Anthony Sacco.

[2]The school committee of Boston; superintendent of schools of Boston; commissioner of inspectional services; and A. Bonfatti and Company, Incorporated.

Rule 2:21, 421 Mass. 1303 (1995), from a single justice's denial in each proceeding of relief under G. L. c. 211, § 3. We allow the motion for expedited consideration of the appeals.

The petitioners (in SJC-07498) sought declaratory, injunctive, and equitable relief "to enjoin the City . . . and its contractor . . . from . . . constructing a new school building . . . in violation of the zoning requirements of the . . . Zoning Code." A Superior Court judge denied the petitioners' motion for a preliminary injunction, as well as their motion for an injunction pending appeal. The petitioners then unsuccessfully sought, from a single justice of the Appeals Court, an injunction pending appeal pursuant to Mass. R. A. P. 6 (a), as amended, 378 Mass. 930 (1979), and relief under G. L. c. 231, § 118, first par. Shortly thereafter, they filed their petition for relief under G. L. c. 211, § 3 (requesting an injunction pending appeal) in the Supreme Judicial Court for Suffolk County; and then entered their appeal in the Appeals Court from the action of the Superior Court judge. The petitioners next filed an application in the full court for direct appellate review.

The petitioners, in what we treat as a consolidated case (SJC-07499), sought certain relief, including injunctive relief concerning financing, site alteration, and construction of what is apparently the same building at issue in the related appeal (SJC-07498). Another Superior Court judge denied the requested preliminary injunction. The petitioners then unsuccessfully took the same procedural steps they followed in the related action.

We turn to considering both appeals from the denial of relief by a single justice of this court. The petitioners, as noted, are before us under rule 2:21 which applies when "a single justice denies relief from a challenged interlocutory ruling in the trial court." We have examined the two petitions for relief under G. L. c. 211, § 3. Each petition is primarily focused, not on the relevant interlocutory ruling in the trial court, but on the subsequent order of the single justice of the Appeals Court. We could, therefore, treat the present appeals as being beyond the scope of rule 2:21 and, through an order, direct the petitioners to pursue their appeals, if they choose to do so, according to the regular appellate process.

Nevertheless, we consider the appeals in the interests of judicial economy in these unusual circumstances: construction is reportedly proceeding; the petitioners concentrate their arguments to the full court on the denials of injunctive relief in the Superior Court and on the alleged need for this court to order the entry of an injunction pending appeal; and we have allowed the petitioners' motion to expedite consideration of the appeals.

We have frequently indicated that relief under G. L. c. 211, § 3, may not be sought as a substitute for normal appellate review; that we exercise our supervisory power sparingly; and, that we do so only in exceptional circumstances and where necessary to protect substantive rights in the absence of an alternative, effective remedy. *Soja* v. *T. P. Sampson Co.*, 373 Mass. 630, 631 (1977), and cases cited. The petitioners contend, in support of having this court issue an injunction pending appeal, that the on-going construction "threatens to destroy the status quo and make it impossible for the merits of the appeal to be considered at a later date." They also assert that "[n]o other means of relief are available to obtain an injunction pending appeal and preserve the merits . . . from being made moot." As we noted, the petitioners sought injunctions pending appeal from single justices of the Appeals Court

pursuant to Mass. R. A. P. 6 (a) (along with relief under G. L. c. 231, § 118, first par.). When that injunctive relief was denied the petitioners could have sought review of the decisions reached by the single justices under rule 6 (a) from a panel of the Appeals Court. See *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 614 (1980). Consolidation of those appeals with the appeals from the trial court pursuant to G. L. c. 231, § 118, second par., would not have precluded the petitioners from requesting from the Appeals Court itself expedited review of the consolidated matters. We have stated that review under G. L. c. 211, § 3, does not lie where review under c. 231, § 118, would suffice. *Greco* v. *Plymouth Sav. Bank*, 423 Mass. 1019, 1019-1020 (1996). The burden is on the petitioners.

*Judgments affirmed.*

The cases were submitted on the papers filed, accompanied by a memorandum of law.

*Peter L. Koff* for the plaintiffs.