Crimmins, J.
This case is before us on a Rule 8A expedited appeal. Dist./Mun. Cts. R. A D. A, Rule 8A. The sole issue raised by this appeal is whether the appeal to the district court was timely, and, if not, whether the untimeliness is a jurisdictional defect requiring the dismissal of the appeal.
Section 143-10 (b) of the Town of Yarmouth By-Laws governing wetlands provides that any person aggrieved by an order of the Conservation Commission may appeal to the Barnstable District Court within 21 days of the Commission’s order.
The Order of Condition that is the subject of this appeal was entered on February 5, 1998 and was delivered “in hand” to the applicant on February 11, 1998. This order prohibits plaintiff from building on his lot unless it is combined with an abutting lot owned by the plaintiff. On or about February 20,1998 plaintiff mistakenly filed a complaint seeking appeal in the Barnstable Superior Court, rather than the Barnstable District Court. The plaintiff filed in Superior Court under the mistaken belief that the court had jurisdiction to review the action of the Yarmouth Conservation Commission, when in fact such orders are reviewable in the Barnstable District Court. Notice of the Superior Court action was served on *227 the defendant “in-hand” on February 24,1998.
The plaintiff learned of his mistake in filing when he was served with the defendant’s answer to the Superior Court filing on or about March 3,1998. On March 6, 1998 the plaintiff filed the identical complaint with the Barnstable District Court. The district court filing was past the 21 day deadline contained within the Town of Yarmouth By-laws. The plaintiff argues that by virtue of filing a complaint in Barn-stable Superior Court on February 20,1998 the requirement of filing the appeal within 21 days was satisfied.
1. A threshold question is whether this appeal is properly before the Appellate Division. Although Section 143-10 (B) gives exclusive appellate jurisdiction of appeals from decisions of the Barnstable District Court to the Appellate Division of the Southern District, there is no provision in the by-law or the enabling statute for appeal of interlocutory issues. Rule 64(b), Mass. R. Civ. P. states that report of a case or ruling to the Appellate Division is governed by Rule 5, Dist./Mun. Cts. R. A. D. A. Rule 5 permits a judge to report an interlocutory ruling to the Appellate Division for determination. There is no indication that the judge who made the ruling as to the timeliness of the appeal and declined to dismiss the review proceedings made a voluntary report to the Appellate Division. G.L.c. 231, §108 permits an interlocutory report of a finding of order if a single justice is of the opinion that it ought to be reviewed by the Appellate Division before any further proceedings in the trial court. Since the judge’s order in effect declined to dismiss the matter and allowed the case to proceed to a determination on the merits, the matter is not reviewable as of right until a final judgment is entered by the court. We note that there is no certificate by the trial judge that the matter so affects the merits of the controversy that it should be determined before any further proceedings. Pleasant Travel, Inc. v. Butler, 1983 Mass. App. Div. 41, 43; PERLIN & CONNORS, CIVIL PROCEDURE IN THE MASSACHUSETTS DISTRICT COURT, Second ed. 1980, 12.21, n.90.
2. If a review on the merits were in order, we would affirm the ruling that, under the circumstances, the technical non-compliance with the appeal deadline does not warrant dismissal. In Simpson v. Director of the Div. of Employment Sec., 391 Mass. 403, 404 (1984) the court recognized that ‘“[mjany older decisions viewed the requirements of the appeal process, as set out in court rules or statutes, as being jurisdictional with the result that the failure to adhere to every requirement called for the dismissal of the appeal regardless of how inconsequential the breach. A more recent view recognizes that a rule of such harshness is not to be countenanced in modern jurisprudence.’” Id. at 405, quoting Cape Cod Bank & Trust Co. v. LeTendre, 384 Mass. 481, 484 (1981). Plaintiff’s belief that the Superior Court was the proper forum for further, appellate review, though incorrect, was certainly an excusable error. See Walker v. Board of Appeals of Harwich, 388 Mass. 42, 45 (1983), wherein it was intimated that Appellate Divisions of the District Courts are not generally the appropriate forum for matters grounded in equity.
In Schulte v. Director of Employment Security, 369 Mass. 74 (1975) the court cited an attempt to initiate an appeal seeking judicial review of an administrative decision after the expiration of the time limited by statute or rule as a prime example of a faux pas that was so repugnant to the procedural scheme that it warranted dismissal. Id. at 79. However, the fundamental purpose of the time limitation on bringing an appeal seeking judicial review is to give all interested parties seasonable and prompt notice of intent to seek such review. Here, the purpose of prompt notice was accomplished since the Commission had received actual notice of intent to appeal, albeit from the wrong court. See Cohen v. Board of Registration in Pharmacy, 347 Mass. 96, 98 (1964). The judge below specifically found that this mistake was not an attempt by the plaintiff to seek any type of “tactical advantage.” Further, the judge found that the defendant was not prejudiced by the mistake.
*228 As such, were this appeal properly before this court, we would affirm the decision of the judge below and remand the case for a hearing on the merits. Appeal dismissed.