SHIRLEY E. ARSENAULT & others[1] vs. FRANK J. FRANZONE. November 10, 1999.
*Supreme Judicial Court,* Appeal from order of single justice. *Practice, Civil,* Interlocutory appeal.

The petitioners appeal under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from a single justice's denial of their request for relief under G. L. c. 211, § 3. They had asked the single justice to "reverse" the order of a Superior Court judge who had denied the petitioners' request for injunctive relief, and to "allow said motion." In the interim, the petitioners had filed a petition pursuant to G. L. c. 231, § 118, which a single justice of the Appeals Court denied.

Although the petitioners have sought relief in the Appeals Court, we consider their appeal to be properly before us under rule 2:21 (1), because the focus of their petition and memorandum under G. L. c. 211, § 3, and of their memorandum pursuant to rule 2:21 concerns the action of the Superior Court judge.

As a result, we consider whether the petitioners have, as rule 2:21 (2) requires, "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." The petitioners state that they have met the requirements for obtaining an injunction and that in the absence thereof they face eviction and the loss of their equity in the property at issue. Nevertheless, they have not specified whether their reliance on G. L. c. 231, § 118, encompassed both the first and second paragraphs, and whether they sought relief under Mass. R. A. P. 6 (a), as amended, 378 Mass. 930 (1979). Review under G. L. c. 211, § 3, is not available where review under c. 231, § 118, would be sufficient. *Greco* v. *Plymouth Sav. Bank*, 423 Mass. 1019, 1019-1020 (1996), and cases cited. See *Montanino* v. *Boston*, 425 Mass. 1025,

---

[1]Walter A. Arsenault and David S. Arsenault.

1026-1027 (1997); *Donnarumma* v. *Boston Hous. Auth.*, 425 Mass. 1024 (1997).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Richard C. Woods, Jr.*, for the petitioners.