MARIA ROSENTHAL *vs.* MASSACHUSETTS GENERAL HOSPITAL. April 22, 2003. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Attorney at Law,* Withdrawal.

Maria Rosenthal appeals from a judgment of a single justice of this court denying her petition under G. L. c. 211, § 3. Rosenthal had sought review of an order of a Superior Court judge allowing her attorney to withdraw from representing her in a tort action that was (and remains) pending in that court. Before filing her G. L. c. 211, § 3, petition, Rosenthal filed a petition under G. L. c. 231, § 118, first par., which an Appeals Court single justice denied. Despite Rosenthal's having sought relief in the Appeals Court, we consider her appeal to be subject to S.J.C. Rule 2:21 (1), 421 Mass. 1303 (1995), because the focus of both her G. L. c. 211, § 3, petition and her rule 2:21 memorandum concerns the action of the Superior Court judge. See *Arsenault v. Franzone,* 430 Mass. 1007 (1999).

The judge in the Superior Court allowed Rosenthal's attorney to withdraw based on counsel's assertion that there had been a breakdown in the attorney-client relationship. The judge, however, ordered that the attorney remain as Rosenthal's counsel for thirty days, unless a new attorney for Rosenthal filed an appearance before then. The order further provided that, if Rosenthal did not retain new counsel within thirty days, she would be deemed pro se, and regardless whether she retained new counsel, she would be required to fulfil her discovery obligations.

In her rule 2:21 memorandum, Rosenthal claims that the Superior Court judge erred in allowing her attorney to withdraw. She has not, however, offered any explanation "why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means," and therefore has not satisfied her burden.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Maria Rosenthal,* pro se.