PATRICK G. CATALDO, JR., & another[1] *vs.* NATIONAL GRID USA & others[2]; HARRINGTON MOVING AND STORAGE, LLC, third-party defendant. November 7, 2008. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Appeals Court,* Appeal from order of single justice. *Practice, Civil,* Interlocutory appeal.

---

[1]Patricia Cataldo.

[2]National Grid USA Service Company, Inc.; Hubbell Inc.; Hubbell Power Systems, Inc.; and Graybar Electric Company, Inc.

The petitioners appeal from a judgment of a single justice of this court denying their request for relief pursuant to G. L. c. 211, § 3. We affirm.

The petitioners are the plaintiffs in a civil action pending in the Superior Court. They allege that Patrick G. Cataldo, Jr., a power lineman, was injured when a high voltage electric utility transmission power line fell onto him due to a "defective" Type C cutout. In the Superior Court, they sought discovery of certain investigatory materials concerning the incident, materials that the respondents (the defendants in the Superior Court) claim are protected by the work product doctrine and the attorney-client privilege. After hearing, a Superior Court judge ordered production of the requested discovery.

The respondents petitioned for relief, pursuant to G. L. c. 231, § 118, first par., from a single justice of the Appeals Court, who modified the Superior Court judge's order and thereafter denied the petitioners' motion for leave to appeal from the order to a panel of the Appeals Court. The petitioners then filed a petition, pursuant to G. L. c. 211, § 3, in the county court seeking "further appellate review" of the Appeals Court's single justice's interlocutory order. The petition requested that that order be reversed, and that the Superior Court judge's order be reinstated. A single justice of this court denied the petition.

The petitioners have filed a memorandum of law and record appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which applies where "a single justice denies relief from a challenged interlocutory ruling in the trial court," and requires the petitioners to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." While the focus of the petition in this case is nominally on the Appeals Court's single justice's interlocutory ruling, the petitioners' argument concentrates on the propriety of the Superior Court judge's original interlocutory order. Therefore, in the interest of judicial economy, we apply the essence of the rule in this case. See *Montanino* v. *Boston*, 425 Mass. 1025 (1997).

In their memorandum, the petitioners allege that the trial of this matter will be lengthy, and that their claims implicate worker and public safety issues extending beyond this case. They contend in general terms that disclosure of the contested discovery is necessary to ensure a "truthful and complete presentation of the evidence" at trial; that the Appeals Court single justice erred in modifying the Superior Court judge's order; and that application of the work-product doctrine and attorney-client privilege in the context of internal corporate investigations warrants the court's attention. Nothing in their memorandum, however, persuades us that the discovery order at issue (specifically, their not receiving all of the materials they seek) could not adequately be reviewed on appeal from any final adverse judgment.

"When an interlocutory order of a Superior Court judge comes before a single justice [of the Appeals Court] pursuant to G. L. c. 231, § 118, first par., and the single justice rules on it, his or her order is not appealable to the full court or a panel of judges of [the Appeals Court] as a matter of right." *Manfrates* v. *Lawrence Plaza Ltd. Partnership*, 41 Mass. App. Ct. 409, 412 (1996). While relief under G. L. c. 211, § 3, from an interlocutory order in a civil case may be warranted in very "exceptional circumstances, when necessary to protect substantive rights," *Cappadona* v. *Riverside 400 Function Room, Inc.*, 372 Mass. 167, 169 (1977), quoting *Healy* v. *First Dist. Court of Bristol*, 367

Mass. 909, 909 (1975), it "may not be sought merely as a substitute for normal appellate review." *Soja* v. *T.P. Sampson Co.*, 373 Mass. 630, 631 (1977). See *Carista* v. *Berkshire Mut. Ins. Co.*, 394 Mass. 1009 (1985). See also *Sinnott* v. *Boston Retirement Bd.*, 402 Mass. 581, 582 n.1, cert. denied sub nom. *Sinnott* v. *Radin*, 488 U.S. 980 (1988).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Jeffrey B. Renton & Edward J. Denn* for the petitioners.

