APPEALS COURT 
 
 DOMINION BUILDERS, LLC[1] vs. HENNEP PROPERTIES LLC & others.[2]

 
 Docket:
 25-P-1046
 
 
 Dates:
 October 28, 2025. – December 3, 2025.
 
 
 Present:
 Vuono, Englander, & D'Angelo, JJ.
 
 
 County:
 Suffolk.
 

 
 Keywords:
 Arbitration, Confirmation of award, Judicial review. Practice, Civil, Interlocutory appeal, Dismissal of appeal. Appeals Court, Appeal from order of single justice. Massachusetts Arbitration Act.
 
 

 Civil action commenced in the Superior Court Department on April 24, 2025.

      A motion to confirm an interim arbitration award was heard by Michael P. Doolin, J.

      A proceeding for interlocutory review was heard in the Appeals Court by Shin, J.

      Peter F. Carr, II, for the defendant.
      Richard E. Briansky for the plaintiff.

    ENGLANDER, J.  The defendant, Hennep Properties LLC (Hennep), appeals from an order of a single justice of this court.[3]  The single justice order vacated an order of a Superior Court judge that had refused to confirm an interim arbitration order in favor of the plaintiff, Dominion Builders, LLC (DAG).  The Superior Court judge had ruled, as a matter of law, that he lacked the authority to confirm an interim arbitration order.  The single justice concluded, to the contrary, that the Superior Court judge had such authority, and remanded the matter to the Superior Court for the judge to decide whether the interim order should be confirmed.
On appeal, Hennep advances two principal positions.  First, it argues that the single justice lacked "jurisdiction" to consider the Superior Court judge's refusal to confirm the order, because (according to Hennep) under the Massachusetts Arbitration Act, G. L. c. 251, § 18, the judge's decision was appealable, exclusively, to a panel of this court.  Second, Hennep contends in the alternative that if the single justice did have jurisdiction, then the single justice's decision must be reversed, because the arbitrator's interim order was not an "award," and thus the Superior Court judge was correct, under the plain language of G. L. c. 251, § 11, that the interim order was not confirmable.
As set forth below, the single justice had jurisdiction to consider the Superior Court judge's order that refused to confirm the arbitrator's interim order.  The Superior Court judge's order was interlocutory, and thus petitionable to the single justice under G. L. c. 231, § 118, first paragraph.  DAG's single justice petition was proper whether or not the Superior Court judge's decision was also appealable to a full panel of this court.  See Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 614 (1980) (Cheney).  Furthermore, under long-settled law, we decline to exercise jurisdiction to consider the decision of the single justice here.  As a general rule, decisions of the single justice on petitions pursuant to G. L. c. 231, § 118, are themselves interlocutory, and absent a recognized exception, this court does not review such decisions on an interlocutory basis.  See Cheney, supra.  See also Cataldo v. National Grid USA, 452 Mass. 1018, 1019 (2008).  Here, the single justice's decision merely remanded the matter to the Superior Court; it did not order confirmation of an arbitrator's award, nor did it deny confirmation.  As the single justice's decision was not appealable, this appeal is dismissed.
Background.  The underlying dispute involves a contract to construct a cannabis cultivation facility.  The defendant Hennep is the owner.  The plaintiff DAG is the general contractor.  Apparently, construction has not been completed, timelines have not been met, and the parties have been pointing fingers at each other.  DAG claims that it has not been paid in accordance with the contract.  DAG initiated a Superior Court lawsuit in April of 2025, and made a demand for arbitration in May of 2025.  In the arbitration DAG sought, among other things, a "preliminary injunction" declaring that DAG could properly suspend performance under the contract.
The arbitrator solicited submissions from the parties, held a hearing, and issued an eight-page order on June 10, 2025, that concluded as follows:
"I find that [DAG] is entitled to immediate preliminary injunctive relief to suspend performance under the subject general contract.  Payment to [DAG] by Hennep is very much likely in arrears which allows suspension of [DAG's] work on the subject project under Massachusetts case law.

"The determination as to whether who [sic] ultimately owes whom will be decided after the completion of the arbitration hearings."

One week later, on June 17, Hennep purported to terminate DAG under the contract.  DAG objected, contending that the arbitrator's June 10 order had enjoined Hennep from doing so.  DAG then sought confirmation of the "preliminary injunction" by filing an "Emergency Motion to Confirm Interim Arbitration Award" in the pending Superior Court case.[4]  As indicated, on July 7, 2025, the Superior Court judge denied confirmation, noting that "[t]he Arbitration Award was interim and not final."  DAG then petitioned the single justice, pursuant to G. L. c. 231, § 118.  On August 6, 2025, the single justice vacated in part and remanded.  She reasoned as follows:
"The only issue before me is a pure question of law:  whether a court has the power to confirm an arbitrator's order that is interim in nature.  I am aware of no published Massachusetts decision that addresses this question. . . .

"The plaintiff has cited a body of federal case law that supports the proposition that, while an arbitral award must normally be final to be subject to confirmation, an exception exists for interim orders that definitively dispose of a separate and independent issue. . . .  In the context of preliminary injunctions specifically, there appears to be consensus among the federal courts that an arbitrator's order granting such relief is sufficiently final to be confirmable. . . .  As explained in the federal cases, it is consistent with the purpose of arbitration to permit confirmation of a preliminary injunction in order to give the final award teeth.  I therefore conclude that it was error to deny the plaintiff's motion on the ground that the interim order is not a final award." 

Hennep appeals from the above order.  At DAG's request, we expedited resolution of the appeal.
Discussion.  Hennep first argues that the single justice did not have jurisdiction, because under the Massachusetts Arbitration Act, G. L. c. 251, § 18, the Superior Court judge's decision denying confirmation was instead appealable to a panel of this court.  Section 18 (a) states, in relevant part, that "[a]n appeal may be taken from . . . (3) an order confirming or denying confirmation of an award; . . . or (6) a judgment or decree entered pursuant to the provisions of this chapter.  Such appeal shall be taken in the manner and to the same extent as from orders or judgments in an action."  (Emphasis added.)
In its appellate brief, Hennep argues that an appeal to a full panel of this court would have been proper under subsection (a) (3) -- that is, as an appeal from the Superior Court's order "denying confirmation of an award."  Hennep further argues, based on the language of the Arbitration Act (but citing no authoritative case law), that the right of appeal to a panel must be construed as excluding the right to petition the single justice.
Hennep's argument is contradicted by the Supreme Judicial Court's reasoning in Cheney, 380 Mass. at 613-614.  Cheney addressed the various appellate options available to a litigant whose request for a preliminary injunction had been denied.  See id.  The court elaborated on the right to immediately appeal such an order to a full panel, pursuant to the then-recently created second paragraph of G. L. c. 231, § 118.  Relevant here, the court stated,
"Finally, the fact that an appeal may be taken as of right pursuant to the second paragraph of G. L. c. 231, § 118, does not prohibit a party from seeking discretionary relief from a single justice pursuant to G. L. c. 231, § 118, first par. . . .  [P]ursuant to G. L. c. 231, § 118, first par., a party may petition a single justice for discretionary 'relief' from any interlocutory order.  The single justice in such a situation enjoys broad discretion to deny the petition, or to 'modify, annul or suspend the execution of the interlocutory order' . . . or, finally, to report the request for relief to the appropriate appellate court. . . .[5]  Absent such a report, the decision of the single justice cannot itself be appealed on an interlocutory basis.[6]  The existence of an alternative procedure under G. L. c. 231, § 118, first par., available as to all interlocutory orders, may be particularly useful in those circumstances in which classification of the order at issue as a preliminary injunction is itself a matter of dispute. . . .  In sum, the various avenues by which a party may challenge an interlocutory order granting or denying injunctive relief pursuant to G. L. c. 231, § 118, should provide the flexibility necessary to assure full court review as of right, and expeditious relief when circumstances warrant."

Cheney, supra at 614-615.
As explained in Cheney, the right to appeal to a full panel "does not prohibit" taking a petition to a single justice, provided the order at issue is an interlocutory order.  Id. at 614.  This is due to the breadth of the first paragraph of section 118 -- Cheney reads section 118, first par., to authorize a single justice petition from "any" interlocutory order.  Cheney, supra.[7]  And that right to petition a single justice from an interlocutory order is not limited by the fact that the order was otherwise appealable to the full court, as of right -- rather, single justice review provides "the flexibility necessary to assure . . . expeditious relief when circumstances warrant."  Id. at 615.  See Ashford v. Massachusetts Bay Transp. Auth., 421 Mass. 563, 567 (1995) (in case of denial of preliminary injunction, litigant may appeal under both first and second paragraphs of § 118).
The Superior Court order at issue arguably amounts to the denial of a preliminary injunction, in which case it would be directly analogous to the order in Cheney.  Regardless of how the order is viewed, however, the reasoning of Cheney is equally applicable to the facts here.  Whether or not the Superior Court order refusing to confirm the arbitrator's interim order was appealable to a panel (it likely was),[8] no one questions that the Superior Court order was an interlocutory order.  The order was issued in a Superior Court case initiated by DAG that encompasses a variety of claims that have not been resolved.  No final judgment has entered in the Superior Court case, and the case is not near conclusion.  As the order of the Superior Court judge was interlocutory,[9] it was petitionable to the single justice under the first paragraph of section 118.[10]  
Finally we turn to whether the single justice's order was appealable to a panel under the circumstances.  It was not.  The single justice's order itself is an interlocutory order; it does no more than remand for further proceedings in the trial court.  The single justice's order did not grant or deny a preliminary injunction, nor did it confirm, or deny confirmation, of an arbitration award.  It matters not that potentially, DAG could have appealed from the Superior Court judge's denial of confirmation to this court.  Here, we are being asked to review the single justice's remand order.  We decline to do so.  See Cataldo, 452 Mass. at 1019 ("When an interlocutory order of a Superior Court judge comes before a single justice [of the Appeals Court] pursuant to G. L. c. 231, § 118, first par., and the single justice rules on it, his or her order is not appealable to the full court or a panel of judges of [the Appeals Court] as a matter of right" [citation omitted]).[11]  Because we decline to entertain the appeal from the single justice, we do not pass on the correctness of her decision as to the legal issue presented.[12]  If in the future the Superior Court judge confirms, or refuses to confirm, the arbitrator's interim order, then an aggrieved party may invoke an appropriate option to properly bring the issues presented before this court.[13]
Appeal dismissed.

footnotes

          [1] Doing business as DAG.
      
          [2] Hudson Construction Associates LLC, David Choplinski, and Alexander Koudijs.
      
          [3] The remaining defendants in the underlying lawsuit are not parties to this appeal.
[4] Although designated as an order for "preliminary injunctive relief" by the arbitrator, the interim order reads more like a declaration of DAG's right to suspend performance.  The language of the order itself does not restrain any action (as with an ordinary injunction), nor does it require any action (as with a mandatory injunction).  Nevertheless, DAG construes the order as restraining Hennep from terminating DAG on the ground that DAG suspended performance.  The issue of how to construe the order is not material to our resolution of this appeal.
          [5] General Laws c. 231, § 118, first par., states in pertinent part, "A party aggrieved by an interlocutory order of a trial court justice . . . may file, within thirty days of the entry of such order, a petition in the appropriate appellate court seeking relief from such order."
      
          [6] In 1987, after the decision in Cheney, the second paragraph of section 118 was amended to allow an appeal by "a party aggrieved by an interlocutory order of a single justice of the appellate court granting a petition for relief from such an order," i.e., from one of the specified trial court orders relating to preliminary injunctions.  St. 1987, c. 208, § 2.  See note 10, infra.
          [7] There are some recognized exceptions to this right -- for example, G. L. c. 231, § 118, only applies to interlocutory orders in civil cases.  McMenimen v. Passatempo, 452 Mass. 178, 191 (2008).
          [8] At oral argument, Hennep contended that the arbitrator's interim order did not qualify as an "award" that is appealable pursuant to G. L. c. 251, § 18 (a) (3) -- that is, Hennep claimed there is a material difference between an "order" and an "award."  Hennep cited no case so holding, and indeed, had taken the opposite position in its appellate brief, arguing that the Superior Court judge's order was appealable under section 18.  We are aware of no law that would hold that the interim order at issue does not qualify as an "award" for purposes of section 18 (a) (3).
      
          [9] In general, an order issued before final judgment is considered interlocutory.  See Commonwealth v. Vines, 94 Mass. App. Ct. 690, 693 (2019); Black's Law Dictionary 1320 (12th ed. 2024) (defining "interlocutory order" as "[a]n order that relates to some intermediate matter in the case; any order other than a final order").
      
          [10] While Hennep argues that the language of section 18 of the Massachusetts Arbitration Act precludes an appeal to the single justice, Hennep cites no authority that suggests same.  To be sure, section 18 grants certain rights to "appeal" orders in arbitration cases, but nothing in the language of the section indicates that it supersedes the statutory right to appeal an interlocutory order to a single justice.  G. L. c. 251, § 18.
      
      We note a caveat here, which is that although in general a litigant may petition the single justice under section 118, first par., even when the interlocutory order at issue is appealable to a full panel, there may be other doctrines that prevent such a single justice petition.  For example, certain orders that are appealable under the doctrine of present execution may not be subject to a petition under section 118, first par., because the petitioner is seeking dispositive relief.  See DeLucia v. Kfoury, 93 Mass. App. Ct. 166, 168 (2018).
      
          [11] There is at least one exception to this rule -- a single justice's order granting a preliminary injunction, or a single justice's order overturning a grant of a preliminary injunction, is appealable to a full panel as of right.  See G. L. c. 231, § 118, second par.; Nabhan v. Selectmen of Salisbury, 12 Mass. App. Ct. 264, 269 (1981).  There may be other exceptions -- as, for example, when the single justice's interlocutory order is of a type made appealable to a full panel by statute.  Moreover, our discussion herein concerns the appealability of single justice orders as to petitions under section 118.  Single justice orders in response to certain motions -- for example, motions under Mass. R. A. P. 6 or Mass. R. A. P. 15 -- are appealable to a full panel by rule.
      
      The single justice's order at issue does not qualify for immediate appeal under the second paragraph of § 118, as the order did not grant "relief" within the meaning of the statute.  The order merely remanded DAG's motion to confirm for further proceedings; it neither granted an injunction where one had been denied by the trial judge, nor did it vacate the grant of an injunction.  See e.g., Boston Firefighters Union, Local 718, Int'l Ass'n of Fire Fighters, AFL-CIO v. Boston, 491 Mass. 556, 570 (2023) (appeal from single justice order granting injunction); Lyman v. Lanser, 103 Mass. App. Ct. 787, 798 (2024) (appeal from single justice order vacating preliminary injunction).  We note as well that Hennep did not argue that its appeal was proper pursuant to § 118, second par.
      
          [12] We note, however, that the Federal authorities cited by the single justice are more or less uniform, particularly in allowing confirmation of interim awards of preliminary injunctions.  See United Healthcare Servs. vs. Guemple, U.S. Dist. Ct., No. 24-2606, slip op. at 5-7 (D. Minn. Oct. 3, 2024) (collecting cases). 
      
          [13] DAG's request for an award of its attorney's fees pursuant to Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019), is denied, in the circumstances.