Merrigan, J.
The Defendant Edward Jardus seeks review of the denial of his motion to extend time for filing notice of appeal. Jardus represented himself at a trial held in the District Court on June 18 and 19,1995. A finding and order was entered by the judge on January 11,1999. A docket entry for January 11,1999 states that a copy of the judgment was sent to both parties. Nothing was heard from Jardus until after he was served with supplementary process at a business address at 1217 Main Street in Holden, Massachusetts on May 11,1999. On May 24,1999, counsel for Jardus filed a motion to extend time for filing a notice of appeal. In his affidavit in support of the motion, Jardus stated that although he had given his mailing address to the clerk’s office, he never received notice of the judgment. After a hearing on Jardus’ motion before a different judge, the motion was denied. On appeal, Jardus argues that the judge abused his discretion in not granting his motion to extend time for filing a notice of appeal.[1]
Jardus’ argument before the motion judge was that the court docket sheet did not have any address for him and that despite the fact that there was a yellow post-it note on the inside of the file folder which gave a correct address, he never got notice. At the end of the hearing, the judge announced that Jardus “has failed to convince me in his burden that the judgment was not mailed to him in accordance with the docket sheet which says that a copy was mailed.”[2]
It is not for an appellate panel to substitute its view for the judgment of the lower court judge who exercises discretion in a matter where there is sufficient basis for the decision of the lower court judge. The motion judge listened to argument of counsel, both of whom gave an accounting of prior proceedings and pleadings, with particular reference to the record concerning the Defendant’s proper address and the issue of notice of the judgment. It was undisputed that there existed a yellow post-it note on the inside cover of the file, and that the most recent pro se motion to continue by Jardus prior to trial had the Defendant’s correct mailing address. The entry on the docket states that a copy of the judgement was sent to the parties. The record before us shows ample basis for the exercise of the judge’s discretion. Borden v. Deep, 2000 Mass. App. Div. 122.
Accordingly, the appeal is dismissed.

 Both parties argue in their briefs the issue of whether the motion to vacate the judgment was properly acted on by the motion judge. Neither the docket nor the transcript indicate that the motion to vacate the judgment was acted upon by the motion judge and accordingly, we do not consider the issue.

 The judge also stated that he would issue findings, presumably in writing, for appellate purposes. The record before us does not indicate that such findings in writing were ever made. This is of no consequence. The dispositive finding by the motion judge was made and announced on the record at the conclusion of the hearing.